### IN RE: CONTEST OF ELECTION OF NOVEMBER 4, 2003 ON THE PUBLIC QUESTION OF HOME RULE FOR LUZERNE COUNTY.

**Appeal of: Carl Goodwin.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2004.

Decided Aug. 9, 2004.

Reconsideration Denied Oct. 8, 2004.

James P. Ferry, Hazleton, for appellant.

James P. Blaum, Wilkes–Barre, for appellee.

Before: Honorable SMITH–RIBNER, Judge, Honorable LEAVITT, Judge, Honorable FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Carl Goodwin (Appellant) appeals from a "Decree Nisi" issued by the Court of Common Pleas of Luzerne County (trial court)

which found that the public notice requirements of The Home Rule Charter and Optional Plans Law, 53 Pa.C.S. § 2952 regarding the referendum on the Home Rule Public Question of the Municipal Election of November 4, 2003 were met by the County of Luzerne, the Luzerne County Voter Services Bureau and the Board of Elections (Appellees). The trial court found the referendum valid and dismissed Appellant's complaint.

Appellees contend that the trial court order was not a final, appealable order and that we should dismiss this appeal as the Appellant failed to file post-trial motions before appealing to our Court. We agree.

On November 4, 2003 a municipal election was held in Luzerne County. A public ballot question appeared for the voters at this election to adopt a Home Rule Charter in Luzerne County. The public question read as follows:

Shall the Home Rule Charter contained in the report, Dated July 2, 2003, and amended August 27, 2003, of the Luzerne County Governmental Study Commission, prepared in accordance with the Home Rule Charter and Optional Plans Law, be adopted in Luzerne County?

On Thursday, October 23, 2003 the first notice of publication appeared in the Citizens' Voice Newspaper as an article which contained the public question. Further on Friday, October 31, Saturday, November 1, Sunday, November 2, Monday, November 3 and Election Day, Tuesday, November 4 of 2003 a publication appeared in the Citizens' Voice Newspaper, the Times Leader Newspaper and the Standard Speaker, Inc. Newspaper which contained the public question. The public question which proposed the adoption of a Home Rule Charter was defeated by the majority of voters of Luzerne County at the municipal election of November 4, 2003. There was no contest to the defeat of the public question prior to the certification of the election returns for illegality, fraud or any other taint.

Appellant initiated this case by filing a Complaint in Equity and a Petition to Vacate the Election on November 21, 2003. The parties agreed and stipulated on the record that the Petition to Vacate would be moot and that the trial court would rule only on the complaint in equity.

The issue in the pleadings was whether the Appellees met the public notice requirements of The Home Rule Charter and Optional Plans Law, 53 Pa.C.S. § 2952 and, if not, whether the public question should be resubmitted to the voters at the next election.[1] The Appellant asked that the trial court declare the results of the vote invalid on the public question of the November 4, 2003 election. Counsel submitted their dispute on stipulated facts and exhibits. There was no oral testimony presented to the trial court.

The parties stipulated that the county officials provided public notice under 53 Pa.C.S. § 2952 by publication of the public question in newspapers of general circulation on October 31, November 1, 2, 3, and 4 (Election Day) of 2003. The parties further stipulated that one newspaper, the Citizens Voice, ran a general news article on October 23, 2003 which stated the terms of the public question and that the question would be on the November 4,

---

1. The Home Rule Charter and Optional Plans Law, 53 Pa.C.S. § 2952, provides as follows: At least 30 days' notice of each election provided for under this subpart shall be given by the clerk or secretary of the municipality. A copy of the notice shall be posted at each polling place on the day of the election and shall be published in at least one newspaper of general circulation in the municipality once a week for three consecutive weeks during the period of 30 days prior to the election.

2003 election ballot for the voters' consideration.

On December 23, 2003, the trial court issued a "Decree Nisi" which found that the news article in combination with the legal notices met the notice requirements of 53 Pa.C.S. § 2952 and determined that the results of the election would not be voided.[2] Appellant did not file post-trial motions but immediately appealed to the Superior Court. The Superior Court transferred this appeal to our Court.

■ The Appellant contends that the "Decree Nisi" was a final appealable order, that the trial court erred in failing to find that there was a defect in the notice publication requirements of the public ballot question on a proposed Home Rule Charter for the County of Luzerne, that the trial court erred in refusing to overturn the results of the election because the requirement for newspaper publication on the public question was violated and that the trial court erred in not ordering that the question be submitted to the voters again at another election.

Our Supreme Court addressed the issue of final appealable orders in *Chalkey v. Roush,* 569 Pa. 462, 805 A.2d 491 (2002). In *Chalkey,* Mary Chalkey obtained a judgment against her attorney, Franklin Delano Roush, Jr. (Roush), for undue influence. Roush did not file post-trial motions, but immediately appealed to the Superior Court. The Superior Court determined that Roush did not err in immediately appealing the trial court's order to them. Allocatur was granted by the Pennsylvania Supreme Court to decide whether the Superior Court properly concluded that Roush did not waive the is-

sues raised on appeal by failing to file post-trial motions in accordance with Rule 227.1 of the Pennsylvania Rules of Civil Procedure.

The Supreme Court found that Roush did waive his issues before the Superior Court when he failed to file post-trial motions and instead appealed directly to the Superior Court. They further determined that the trial court in this case did not enter a decree nisi and as a consequence of that, they had to remand the matter back to the trial court for entry of a decree nisi.

Rule 227.1 through 227.4 establish uniform procedures for post-trial relief in actions at law and equity. Pursuant to Rule 227.1(c), a party shall file post-trial motions within ten days after a:

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

The rationale for Pa.R.C.P. 227.1 was explained in *Chalkey* as follows:

[B]oth Rule 227.1 and *Lane Enterprises [Inc. v. L.B. Foster Co.,* 551 Pa. 306, 710 A.2d 54 (Pa.1998), *rev'g,* 700 A.2d 465 (Pa.Super.1997)] mandate that a party file post-trial motions from a trial court's decision and order following the conclusion of a trial....

In rescinding Rule 1518 and replacing it with Rule 227.1, however, this Court intended to abolish that equity-specific practice and establish a standard post-trial practice, which applies to both actions at law and actions in equity. *See* Pa.R.C.P. 227.1 cmt. (1983). Under

**2.** A decree nisi is an interlocutory judgment or provisional decree that becomes a final order upon a motion by a party unless cause can be shown against it. Black's Law Dictionary (7th ed.1999). When the trial court en-

ters a decree nisi, the parties are given the opportunity to object to the decree before it becomes the disposition of the case. The purpose of the decree nisi is to avert the need for appellate review.

Rule 227.1, a party must file post-trial motions at the conclusion of a trial in *any* type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. *See* Pa. R.C.P. 227.1(a).

Moreover, just as we found that there was no excuse for a party's failure to file post-trial motions from a trial court's abrupt opinion following a trial in an action at law in *Lane Enterprises,* we find that there is no excuse for a party's failure to file post-trial motions from a trial court's order following an equity trial, even if that order does not comply with the requirements for an adjudication listed in Rule 1517(a).[12] . . .

n12 Although we do not approve of a trial court's failure to issue an adjudication in accordance with Rule 1517(a), we do not believe that the trial court's error should excuse a party's duty to file post-trial motions from the trial court's order at the conclusion of trial. When the party files post-trial motions, it can point out any errors in the trial court's adjudication, including the court's failure to comply with Rule 1517(a). The trial court shall then issue a supporting memorandum that complies with Rule 1517(a). Furthermore, if a party is unsure whether the trial court has entered an adjudication from which post-trial motions must be filed, the party may always petition the trial court to determine whether the trial court intended its order to be an adjudication from which post-trial motions would follow.

*Id.* 569 Pa. at 468–469, 805 A.2d at 495–496. In *Chalkey,* the trial court erred in entering an order which did not comply with Rule 1517(a) so the case was remanded for the trial court to issue an order which would comply.[3]

 In the present controversy, the trial court issued an order entitled "DE-CREE NISI" which complied with Rule 1517(a). (Emphasis in original). The trial court also referenced the order as a decree nisi in its opinion. Further, the trial court is required to issue a decree nisi after a hearing in equity.[4] Appellant was required to file post-trial motions and failed to do so. "[G]rounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review." *Chalkey,* 569 Pa. at 467, 805 A.2d at 494.

Accordingly, we must dismiss this appeal as all issues have been waived on appellate review.[5]

3. Rule 1517(a) states as follows:

(a) The court shall make an adjudication and may do so before the testimony has been transcribed. The adjudication shall consist of (1) a statement of the issues; (2) a closely condensed chronological statement, in narrative form or in separate findings, of all the facts which are necessary to be known in order to determine the issues; (3) a discussion of the questions of law involved and the court's conclusions of law and (4) a decree *nisi.*

4. We note that an action in equity was proper in this case. *See Koter v. Cosgrove,* 844 A.2d 29 (Pa.Cmwlth.2004).

5. We note that the case *sub judice* is distinguished from *Nationwide Mutual Insurance Company v. Wickett,* 563 Pa. 595, 763 A.2d 813 (2000), which was not an action in equity but a declaratory judgment action where pre-trial preliminary objections were filed and, based upon a pre-trial motion, the court entered a declaratory judgment but more than 30 days later granted reconsideration. The Supreme Court held that the entry of the declaratory judgment order was a final order

## ORDER

AND NOW, this 9th day of August , 2004 the appeal of Carl Goodwin is dismissed as all issues have been waived.

because it declared all the rights of the parties and, as such, was immediately appealable without the necessity of filing post-trial motions under Pa.R.C.P. 227.1. Here, the trial court entered its decree nisi following a trial on the merits of Appellants complaint in equity.