**P.S. HYSONG**

v.

**Robert Allen LEWICKI and Joseph William Lewicki, Jr.,
Appellants.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 2007.
Decided April 24, 2007.
Reargument En Banc Denied
June 21, 2007.
Publication Ordered Aug. 22, 2007.

Samuel S. Pangburn, Washington, for appellants.

David E. Holland, Erie, for appellee.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge (P.), FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Brothers Robert Allen Lewicki and Joseph William Lewicki, Jr. appeal from an order of the Court of Common Pleas of Washington County on remand in a quiet title action commenced by P.S. Hysong. The trial court decreed that a tax sale conducted September 19, 2000 was a valid and proper tax sale and served to divest the Lewickis of all right, title and interest in the property at issue, decreed further that Hysong was the sole and exclusive fee title owner entitled to exclusive possession of the subject premises and ordered the Lewickis and anyone claiming an interest

under them to vacate the property within thirty days.

Hysong has filed a motion to dismiss the Lewickis' appeal pursuant to Pa. R.A.P. 1972(5) (providing for a motion to dismiss for failure to preserve the question below or because the right to an appeal has been otherwise waived), asserting that the Lewickis failed to file a motion for post-trial relief pursuant to Pa. R.C.P. No. 227.1 and that, as a consequence, they have failed to preserve any issues for appellate review. The Court ordered on August 11, 2006 that the motion to dismiss should be heard with the merits of the appeal.

Taxes had been unpaid on a property owned by the Lewickis for several years. On two prior occasions it was listed for tax sale, but a minimum amount necessary to remove it from the list was paid shortly before the sale. On September 19, 2000, Hysong purchased the property at an upset tax sale conducted by the Washington County Tax Claim Bureau (Bureau). On January 29, 2001, she recorded a deed to her from the Bureau, and on March 1, 2001 she filed an action to quiet title against the Lewickis. In their answer and new matter the Lewickis admitted that Robert Lewicki lives at 44 Lewicki Road, that they also occupy the property through tenants and that the deed was recorded. After taking depositions of the Lewickis, Hysong's counsel mailed requests for admissions pursuant to Pa. R.C.P. No. 4104 but no response was received until the day of trial, September 25, 2001. Counsel moved for the requests to be deemed admitted, and the trial court assumed they were admitted but allowed briefs to be submitted on the question and received testimony from an employee of the Bureau and from Robert Lewicki, who admitted signing three certified mail envelopes from the Bureau on July 29, 2000. On October 15, 2001, President Judge Thomas D. Gladden issued an order decreeing that the tax sale was valid and that Hysong was the owner. After the Lewickis filed a notice of appeal the trial court issued an opinion addressing the deemed admissions and declining to permit withdrawal.

On that appeal Hysong argued that the Lewickis failed to preserve any issues because they failed to file post-trial motions pursuant to Pa. R.C.P. No. 227.1. Rule 227.1(c) provides that post-trial motions shall be filed within ten days after "notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury." The Lewickis argued that the trial court's action on September 25, 2001 temporarily closed the record pending the court's decision on the admissions, and they asserted that their appeal was an interlocutory appeal as of right under Pa. R.A.P. 311(a)(2), which authorizes such an appeal from an order "confirming, modifying or dissolving or refusing to confirm, modify or dissolve an attachment, custodianship, receivership or similar matter affecting possession or control of property" except for orders under specific provisions relating to divorce.

The Court was not persuaded that judgments in quiet title actions fall under Rule 311(a)(2), but it acknowledged the possibility of confusion in the case where the trial court at first did not address deemed admissions then later did so. The Court was concerned that the effect of the trial court ruling was to dispose of the matter on deemed admissions without affording the Lewickis the opportunity to adduce evidence on their claim that other issues could prove dispositive. In particular, the Court noted that a claim that Robert Lewicki was an "owner occupant" and as such was entitled to written, personal notice within ten days of the sale pursuant to Section 601(a)(3) of the Real Estate Tax Sale Law (Tax Sale Law), Act of July 7,

1947, P.L. 1368, *as amended*, 72 P.S. § 5860.601(a)(3), was not addressed in the admissions. The Court vacated the trial court's order and remanded the case to allow the Lewickis to present evidence on matters not covered by the admissions. *Hysong v. Lewicki*, 811 A.2d 46 (Pa. Cmwlth.2002).

On remand the Lewickis presented evidence before President Judge David L. Gilmore on April 29 and July 20, 2004. Following his untimely death before a decision, the matter was assigned to Senior Judge John F. Bell who heard the case de novo on April 21, 2005, with a stipulation that the transcripts and exhibits in the prior proceedings would be incorporated. In an opinion and order of February 10, 2006, Senior Judge Bell made detailed findings as to the history of nonpayment of taxes, with sales avoided by partial payments; a courtesy letter that the Bureau sent in March 2000 advising that the property would be sold if 1999 taxes were not paid; knowledge that Joseph Lewicki received at the Bureau while paying taxes on other properties that the subject property was scheduled for sale on September 19, 2000; the mailing of formal notices of the sale to the Lewickis at 44 Lewicki Road where both received mail although only Robert Lewicki lived there; and the fact that Robert Lewicki signed for the notices and indicated that he did not tell his brother about them until after Joseph Lewicki's deposition. Further, the sale was properly advertised in newspapers, and an employee of the Bureau testified that he posted a notice of sale on what appeared to be the primary residence at 44 Lewicki Road on September 4, 2000, a brick house, and that he attempted to make personal service but no one answered his knock, although he heard music playing inside the house.

When he returned later in the day and again attempted personal service unsuccessfully, he saw that the posted notice was down.

The trial court stated that the Lewickis had issues with the notice because it was not performed by a sheriff, deputy or person appointed by county commissioners' resolution to effect service[1] and that, although the property was one tax parcel, Robert Lewicki resided in another structure, which uses the number 44 Lewicki Road whereas the brick house uses the number 48. On September 5, 2000, the Bureau by first class mail sent second notices that were not returned. The trial court found that a post-sale notice was mailed to each of the Lewickis advising him that objections or exemptions could still occur, but no such option was exercised. It stated the rule that when a record owner has received actual notice of an impending sale, strict compliance with the statutory requirements for notice will be waived, citing *Aldhelm, Inc. v. Schuylkill County Tax Claim Bureau*, 879 A.2d 400 (Pa.Cmwlth.), *appeal denied*, 586 Pa. 729, 890 A.2d 1060 (2005), and *Stanford–Gale v. Tax Claim Bureau of Susquehanna County*, 816 A.2d 1214 (Pa.Cmwlth. 2003). The trial court noted that in *Stanford–Gale* actual notice to one co-administrator of the estate owning the property was held to constitute notice to both co-administrators, eliminating the need for strict compliance. The trial court then entered the order under review, but the Lewickis did not file post-trial motions pursuant to Pa. R.C.P. No. 227.1. They instead filed a notice of appeal.

■ The Court must first address Hysong's motion to dismiss. Pa. R.C.P. No. 227.1 provides in relevant part: "(c)

---

1. The Lewickis referred to Section 601 of the Tax Sale Law, 72 P.S. § 5860.601, and to Section 602, 72 P.S. § 5860.602, regarding posting of notices.

Post-trial motions shall be filed within ten days after ... (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." As Hysong notes, the Supreme Court stated succinctly in *L.B. Foster Co. v. Lane Enters., Inc.,* 551 Pa. 307, 307, 710 A.2d 55, 55 (1998): "Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." She cites numerous other cases stating the same proposition, including *Kennel v. Thomas,* 804 A.2d 667 (Pa.Super.2002), where the Superior Court in an appeal from a trial court decision in a quiet title action granted the appellee's motion to quash and/or dismiss the appeal because the appellant filed post-trial motions pursuant to Rule 227.1 but failed to file them within ten days and therefore preserved no issues for appeal. In *Chalkey v. Roush,* 569 Pa. 462, 467, 805 A.2d 491 n9, 569 Pa. 462, 805 A.2d 491, 494 n9 (2002), the Supreme Court stated: "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review."

The Lewickis in their answer to Hysong's motion to dismiss deny that Senior Judge Bell's decision resolved all of the claims and issues that were directed to be resolved by this Court in its prior order, in particular the effect of Section 601(a)(3) of the Tax Sale Law. They admit that no post-trial motions were filed but assert that no such motions were necessary as this appeal is controlled by Pa. R.A.P. 311(a)(2) as an interlocutory appeal as a matter of right. They add that there is a basis for a motion to enforce the appellate order pursuant to Pa. R.A.P. 2591(b) (providing that at any time, upon its own motion or upon application, an appellate court may issue an appropriate order requiring obedience to or otherwise enforcing its

judgment or other order). The Lewickis also state that Hysong's counsel sent a letter to Senior Judge Bell citing case law without prior notice to the Lewickis and that the trial court did not give them an opportunity to reply. In their memorandum in support of their answer, the Lewickis assert that because the trial court did not follow the directions and necessary implications of this Court's 2002 order and has afforded them no opportunity to reply to the *ex parte* communication to the Judge, the matter is still open for further proceedings before the conclusion of the case; therefore, it is controlled by Pa. R.A.P. 311(a)(2). Alternatively, the Court may wish to consider the matter as an interlocutory appeal by permission pursuant to Pa. R.A.P. 105 or as disobedience of the Court's prior remand order to be reviewed on the Court's own motion under Pa. R.A.P. 2591(b).

In response to the Lewickis' answer, Hysong first reiterates that the Superior Court has held that quiet title actions are subject to the rule requiring the filing of post-trial motions to preserve issues for appeal. *Kennel*; *Red Oak Co. v. Kempton,* 298 Pa.Super. 516, 445 A.2d 108 (1982). She notes that in this Court's 2002 opinion it rejected the contention that Pa. R.A.P. 311(a)(2) applies. Second, she points out that the trial court on remand ruled that the untimely filed responses to the request for admissions were not deemed admitted, but there was a full and complete trial before Judge Gilmore and then another de novo trial before Senior Judge Bell, demonstrating no violation of this Court's order. Moreover, even if the allegation of error were true, to allow the Lewickis to bypass post-trial procedures would be to remove from the trial court this important gatekeeping function and would do little to expedite appellate review. *See Motorists Mutual Ins. Co. v. Pinkerton,* 574 Pa. 333,

830 A.2d 958 (2003). Third, Pa. R.A.P. 2591(b) does not excuse the Lewickis' failure to comply with mandatory provisions of Rule 227.1.

Fourth, the Lewickis' counsel admits receipt of a copy of the letter to the trial court, but they still refer to it as *ex parte*. Again, if there was a basis for a claim of error it should have been raised with the trial court in post-trial motions. Finally, while invoking this Court's authority under Pa. R.A.P. 105 to liberally construe the Rules of Appellate Procedure, the Lewickis have suggested no substantive reason why the Court should totally disregard the provisions of Pa. R.C.P. No. 227.1 and the numerous decisions holding that they are mandatory. Hysong cites *In re Contest of Election of November 4, 2003*, 858 A.2d 143 (Pa.Cmwlth.2004) (holding that failure to file post-trial motions from trial court decision in an equity action, even though that decision did not fully comply with Pa. R.C.P. No. 1517(a), resulted in waiver of all issues on appeal); *Municipal Authority of Hazle Township v. Lagana*, 848 A.2d 1089 (Pa.Cmwlth.2004) (holding that failure to comply with Rule 227.1 in sewer customer's declaratory judgment action, with counterclaim for back fees, which was not a scire facias proceeding, constituted waiver of all issues on appeal); and *Ridings at Whitpain Homeowners Ass'n v. Schiller*, 811 A.2d 1111 (Pa.Cmwlth.2002) (holding that homeowners' failure to file post-trial motions after bench ruling on action against them by association and their counterclaim waived their issues on appeal).[2]

The Court agrees with Hysong that the Lewickis' failure to comply with the requirement of Rule 227.1 to file post-trial motions results in their failure to preserve any issues for appellate review. First, there is no question whatsoever that after two full hearings on remand and the issuance of a decision and order determining that the Lewickis were divested of all rights, that Hysong was entitled to all rights and that any claims not otherwise addressed were dismissed, the trial court intended for its order to be final and to dispose of all matters before it. The Lewickis assert that the trial court appeared to be confused on the question of actual notice versus actual knowledge, that it did not adequately consider and respond to their contentions regarding Section 601(a)(3) of the Tax Sale Law and that it may have erred by considering the letter from Hysong's counsel. As Hysong correctly argues, these are precisely the kinds of challenges that Rule 227.1 is designed to permit the trial court to consider in the first instance. Further, this Court expressly rejected the argument that Pa. R.A.P. 311(a)(2) could apply. In view of overwhelming authority that the failure of an appellant to file post-trial motions in a proceeding to which Rule 227.1 applies results in a waiver of issues, the Court grants the motion of Hysong and orders the Lewickis' appeal quashed.

### ORDER

AND NOW, this 24th day of April, 2007, the appeal of Robert Allen Lewicki and Joseph William Lewicki, Jr. from the order of the Court of Common Pleas of Washington County is quashed.

---

**2.** In their surrebuttal memorandum, the Lewickis refer to provisions of the Code of Professional Conduct and the Code of Civility adopted by the Supreme Court applicable to lawyers, and they continue to assert that the letter was an *ex parte* communication. However, a copy of the letter was sent to opposing counsel.