# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank J. Cservak and          :
Judith Barie Cservak,          :
                Appellants   :   No. 1888 C.D. 2017
             v.          :   Argued: October 16, 2018
                             :
Pennsylvania Turnpike Commission  :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**              **FILED: November 6, 2018**

Before us is an appeal filed by Frank J. Cservak and Judith Barie Cservak (Cservaks) of the Washington County Court of Common Pleas' (trial court) order awarding damages to the Pennsylvania Turnpike Commission (Commission) for removing fixtures from their residential property taken for highway purposes, and the Commission's motion to quash the appeal for failure to file post-trial motions. In mediation following an eminent domain proceeding, the parties negotiated just compensation for the property and dates of dispossession in a settlement agreement (Settlement). Upon discovering the removal of fixtures and buildings from the property, the Commission filed a petition seeking damages from the Cservaks. Relevant here, the trial court conducted a trial as to the Cservaks' liability for items allegedly removed. After determining the Cservaks' liability, the trial court held a hearing on damages. The Cservaks appeal the trial court's order regarding damages; however, they did not file a post-trial motion to preserve issues for our review. In addition, the Cservaks did not brief the alleged waiver resulting from their failure to

file a post-trial motion. Because the Cservaks' failure to file post-trial motions resulted in waiver, we quash their appeal.

## I. Background

In 2012, the Commission condemned, for highway purposes, real property then owned by the Cservaks at 3852 Morganza Road, in Cecil Township, Washington County (Property). The taking involved 6.5957 acres of realty and improvements, including a residence, an artist studio and a garage.

Following the 2013 Board of View in the eminent domain proceeding, appeals, and multiple attempts at settlement, the parties utilized this Court's mediation program to determine just compensation for the taking. In the resulting Settlement, the parties agreed upon $1,604,000 as just compensation for the Property, plus improvements. The Settlement set September 5, 2014, as the deadline for payment. Provided payment was made by that date, the Cservaks were required to vacate the Property by February 17, 2017. The parties did not execute any separate retention agreements relative to the residence or the other structures built on the Property. After executing the Settlement, the Commission marked the matter on the trial court's docket settled and discontinued.

In early 2015, the Cservaks requested an extension of the move-out date. Anticipating disputes related to taking possession, the Commission filed a praecipe to reopen the matter, and sought a rule to show cause why a writ of possession should not issue. The trial court issued the rule; the Cservaks did not respond.

Prior to the move-out date, a Commission employee traveling in the vicinity of the Property inspected it and noted that the main residence was stripped of baseboards, appliances, lighting and the like, and that the two temporary structures (art studio and pole building) were removed from the Property. The Commission took the position that the actions devalued the Property and that the Cservaks were required to pay damages for the decreased value of the Property.

Thereafter, the Commission filed a petition for reimbursement of damage to real property and conversion (Damages Petition) seeking damages for the removed items. The Cservaks filed an answer and a counterclaim for breach of contract because the Commission did not pay the agreed-upon compensation by the deadline, instead making payment one week later, on September 12, 2015.

The trial court scheduled a trial on the Damages Petition. The trial court bifurcated the trial into liability and damages phases. In Spring of 2016, it conducted a two-day bench trial regarding the Cservaks' liability for the allegedly removed items.

Following the trial, briefing and argument, the trial court found that the Cservaks did not contest removal of certain items from the Property (Removed Items), only disclaiming responsibility for their removal. In its opinion, the trial court classified the Removed Items as either personalty that was not part of the just compensation, or fixtures that were taken with the Property, the value of which was included within the just compensation set forth in the Settlement. Tr. Ct., Slip Op., 1/13/17 (Liability Opinion).

3

Thereafter, in June 2017, the trial court held a bench trial as to the amount of damages. Both parties presented evidence, including expert testimony, regarding the calculation method and amount of damages during the proceeding. The Cservaks also testified as to the salvage value of the Removed Items.

Ultimately, the trial court granted the Commission's Damages Petition. Specifically, "after consideration of the evidence and testimony, the [trial court] … ORDER[ED] [the Cservaks] to pay the [Commission] as damages for removal from [the Property] certain fixtures the following amounts: Garage/shop building $89,575.36, Residence $180,435.61, total $270,010.97." Reproduced Record (R.R.) at 1034a (emphasis added). Neither party filed a praecipe to enter judgment.

The Cservaks filed a notice of appeal to the Superior Court, which transferred the matter to this Court. In its Pa. R.A.P. 1925(a) opinion, the trial court noted the Cservaks failed to file post-trial motions, resulting in waiver of issues on appeal.

The Commission filed a motion to quash the appeal, emphasizing the Cservaks' failure to file post-trial motions and asserting the trial court's order was not final when it was not reduced to judgment. Based on the motion to quash, the Cservaks' response, and the Commission's reply, this Court directed that the motion to quash would be decided with the merits. Cmwlth. Ct. Order, 1/3/18 (Leadbetter, S.J.).

4

The Cservaks briefed the merits whereas the Commission also briefed the motion to quash. Following briefing and argument, this matter is ready for disposition.

## II. Discussion

On appeal,[1] the Cservaks argue the trial court erred in dismissing their counterclaim and in determining the damages. They assert the trial court erred by crediting the Commission's experts, disregarding their evidence as to damages, and deeming the cost of restoration as the appropriate measure of damages as opposed to the cost of replacement or salvage value. Notably, the Cservaks did not address the Commission's motion to quash in its main brief or file a reply brief.

In its motion to quash, the Commission argues the Cservaks' failure to file a post-trial motion resulted in waiver. It also notes there was no entry of judgment, which is a prerequisite to filing an appeal. As to the merits, the Commission contends the trial court did not err in its damages calculation. It maintains the trial court had the discretion to credit its experts and to disregard the Cservaks' evidence as to salvage value of Removed Items.

### A. Motion to Quash

Before reaching the merits, we consider whether the Cservaks preserved any issues on appeal. Coal Tubin' PA, LLC v. Cambria Cty. Transit Auth., 162 A.3d 549 (Pa. Cmwlth. 2017). The Commission argues the Cservaks waived all

---

[1] "Our standard of review of a non-jury trial is to determine whether the findings of the trial court are supported by competent evidence, and whether an error of law was committed." Coal Tubin' PA, LLC v. Cambria Cty. Transit Auth., 162 A.3d 549, 554 n.3 (Pa. Cmwlth. 2017).

issues, precluding our review of the merits because they failed to file a post-trial motion or have judgment entered prior to filing an appeal. Accordingly, it asks this Court to quash the Cservaks' appeal.

## 1. Post-Trial Motions

There is no dispute that the Cservaks did not file a post-trial motion pursuant to Pa. R.C.P. No. 227.1. Pa. R.C.P. No. 227.1(c) provides: "Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Pa. R.C.P. No. 227.1(c) (emphasis added).

Precedent is clear that "'[o]nly issues which a party specifically raises in its post-trial motions are preserved and will be considered on appeal.'" City of Phila. v. New Life Evangelistic Church, 114 A.3d 472, 477 (Pa. Cmwlth. 2015) (citation omitted). Filing of a Pa. R.A.P. 1925(b) Statement does not cure the failure to file post-trial motions. The Ridings at Whitpain Homeowners Ass'n v. Schiller, 811 A.2d 1111 (Pa. Cmwlth. 2002) (appellants not excused from filing post-trial motions based on confusion as to equity procedure under former Pa. R.C.P. No. 1517). A party's failure to file post-trial motions in accordance with Rule 227.1 compels dismissal of the appeal. P.S. Hysong v. Lewicki, 931 A.2d 63 (Pa. Cmwlth. 2007). When an issue is not raised in a post-trial motion, it is waived. Id.

Post-trial motion practice "permit[s] the trial court to correct its own errors before appellate review is commenced." Motorists Mut. Ins. Co. v. Pinkerton,

830 A.2d 958, 964 (Pa. 2003). The waiver rule thus promotes judicial economy. Post-trial motions also frame the issues for appropriate appellate review. Oak Tree Condo. Ass'n v. Greene, 133 A.3d 113 (Pa. Cmwlth. 2016).

"To warrant the heavy consequence of waiver, … the applicability of [Pa. R.C.P. No. 227.1] should be apparent upon its face or, failing that, in clear decisional law construing the [r]ule." Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkts., Inc., 52 A.3d 1233, 1247 (Pa. 2012) (construing the meaning of "trial" under Rule 227.1).

In construing Rule 227.1, our Supreme Court determined that findings of fact and an evidentiary hearing are indicia of trial, placing counsel on notice of the need to file post-trial motions. Id. Thus, "[the Court] nevertheless signaled that a hearing that bears the hallmarks of a trial by requiring or admitting, or as in this case, offering a party the opportunity to present additional evidence, does constitute a 'trial' for the purposes of Pa. R.C.P. No. 227.1." New Life Evangelistic Church, 114 A.3d at 478 (holding appellant waived all issues for failure to file post-trial motions).

In response to the motion to quash, the Cservaks take the position that the trial court held a "hearing" as opposed to a trial. Notwithstanding their characterization, the title of a proceeding does not relieve the Cservaks from their obligations in post-trial practice. Id. Further, although this Court directed that the motion to quash would be decided along with the merits, the Cservaks declined to brief the alleged waiver of issues on appeal. As a result, those issues are also waived because the Cservaks did not address them in their brief. See Pa. R.A.P. 2116; see

also <u>Wicker v. Civil Serv. Comm'n</u>, 460 A.2d 407 (Pa. Cmwlth. 1983) (construing Pa. R.A.P. 2116).

Nonetheless, we note that in their response to the motion to quash, the Cservaks cite one case from our sister appellate court in support: <u>Chaulkey v. Roush</u>, 757 A.2d 972 (Pa. Super. 2000) (<u>en</u> <u>banc</u>). There, in a split decision, the Superior Court excused an attorney's failure to file post-trial motions based on its recognition of practitioners' confusion regarding post-trial practice in equitable proceedings.

<u>Chaulkey</u> is inapposite. As it arose from a matter in equity, that appeal involved different procedures, and at that time, different rules. Also, it pre-dated our Supreme Court's analysis of the meaning of "trial" under Rule 227.1 in <u>Newman</u>.

Moreover, despite quoting extensively (two single-spaced pages) from the Superior Court's <u>Chaulkey</u> decision, the Cservaks do not acknowledge our highest Court's subsequent opinion in <u>Chaulkey v. Roush</u>, 805 A.2d 491 (Pa. 2002). <u>See</u> Appellants' Resp. at 4-6. In this seminal case, our Supreme Court explained Rule 227.1 established a standard post-trial practice for both actions at law and equity. It thus abrogated the 30 years of case law the Cservaks relied upon in their response.

Significantly, the Supreme Court disagreed with the position the Cservaks advance here. It expressly held that appellants in legal *and* equitable matters must file post-trial motions prior to appeal. Acknowledging practitioners' prior

8

confusion as to the application of Rule 227.1 in equity actions,[2] the Supreme Court specified its holding applied "prospectively only." Id. at 497.

The order from which the Cservaks appealed invokes the post-trial motion requirement in Rule 227.1. Newman Dev. Grp.; New Life Evangelistic Church. The trial court held a bifurcated trial regarding liability and damages, and it issued findings regarding liability and damages based on the evidence the parties presented.

Because they did not file post-trial motions following a proceeding that had the indicia of trial, the Cservaks waived all issues on appeal. Newman Dev. Grp. Therefore, this Court grants the motion to quash and dismisses the appeal. Borough of Harvey's Lake v. Heck, 719 A.2d 378 (Pa. Cmwlth. 1998).

## 2. Entry of Judgment

The Commission also argued that the order appealed from is not final. As our Supreme Court noted, "a trial court's order at the conclusion of a trial … simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions." Chaulkey, 805 A.2d at 496. Regardless, because we dismiss the appeal for failure to file post-trial motions, this issue is moot.[3]

---

[2] The Supreme Court abrogated cases excusing compliance with Rule 227.1 when a trial court did not clearly comply with former Pa. R.C.P. No. 1518 (relating to equitable relief). It explained it rescinded Rule 1518 in 1984 and replaced it with Rule 227.1, which applied to all post-trial practice.

[3] In the interest of judicial economy, if the only fault with an order is that it is not reduced to judgment, a court may excuse that step. Chaulkey v. Roush, 805 A.2d 491 (Pa. 2002). However, where there is also a failure to file post-trial motions, dismissal is proper. See, e.g., Cooper v. Dep't of Corr. (Pa. Cmwlth., No. 691 C.D. 2016, filed October 26, 2016), 2016 WL 6246945 (unreported).

9

## B. Merits

Because this Court grants the motion to quash, and dismisses the appeal, we do not reach the merits. <u>P.S. Hysong</u>.

## III. Conclusion

For the foregoing reasons, we grant the Commission's motion to quash and dismiss the Cservaks' appeal.

<br>

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank J. Cservak and
Judith Barie Cservak,
               Appellants

          v.

Pennsylvania Turnpike Commission

: 
: 
:    No. 1888 C.D. 2017
: 
: 
: 
:

# **O R D E R**

**AND NOW**, this 6th day of November, 2018, the Pennsylvania Turnpike Commission's motion to quash the appeal filed by Frank J. Cservak and Judith Barie Cservak is **GRANTED**, and the appeal is **DISMISSED**.

 

 

                                         _____

                                         ROBERT SIMPSON, Judge