# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roaring Brook Township      :
     :
         v.      :    No. 821 C.D. 2023
     :    SUBMITTED: May 7, 2024
Edward Ruocco and Michelle Ruocco,   :
           Appellants     :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: July 1, 2024**

Appellants, Edward and Michelle Ruocco, appeal from an order of the Court of Common Pleas of Lackawanna County granting a permanent injunction enjoining them from operating their residential property at 110 Canterbury Court, Roaring Brook Township, Lackawanna County, as a short-term rental business in violation of the 2015 and 2018 Roaring Brook Township Zoning Ordinances.[1] Appellants' failure to file post-trial motions resulted in a waiver of all issues on appeal. Accordingly, we dismiss the appeal without addressing the underlying merits.

The pertinent background is as follows. Located in an R-1 low-density residential zoning district, the approximately 6-acre property is in the Windsor Hill development where property values range from $500,000 to $2,000,000. Jan. 12, 2023 Trial Ct. Op. at 3. In September 2016, Appellants purchased the 5900-square-foot house with 7 bedrooms and 6 bathrooms for $554,000 for use as both a family

---

[1] Roaring Brook Township, Pa., Zoning Ordinance Compilations (2015 and 2018).

vacation home and short-term rentals. *Id*. Residents of Milford, Connecticut, Appellants formed a Connecticut limited liability company, Serenity Lodging, LLC, to operate the property as a commercial enterprise. *Id*. at 4. Due to the presence of long-term renters under the prior owner's lease, Appellants did not take possession of the property until February 2017. *Id*.

In March 2017, Appellants commenced short-term rentals with Ms. Ruocco serving as the property manager. *Id*. Advertised on the Vacation Rental By Owner (VRBO) website, the rental agreement provides that the maximum occupancy is 19 guests at a nightly rate of $1000 with a 2-night minimum stay. Most frequently, the property is being rented on weekends from either Friday to Sunday or from Friday to Monday. *Id*. The individual renting the property must be at least 30 years old, possess a valid driver's license, stay on the premises, specify the number of guests staying at the property, and acknowledge the specific rules and regulations governing the property. *Id*. The rules prohibit illegal drugs, unaccounted-for guests, fireworks, and weapons. In addition, fires are limited to designated areas and there is to be no outdoor recreation after 10:00 p.m. *Id*. Appellants monitor the property using security cameras, including outdoor cameras with audio, with allegedly closer scrutiny around 10:00 p.m. *Id*. at 5. Mr. Ruocco testified that they have called renters to return to the house after that time. *Id*.

In March 2017, a neighbor learned that Appellants were operating a short-term rental business when she received a mis-directed package on her porch addressed to Serenity Lodging, LLC of 110 Canterbury Court. The neighbor sent a letter of complaint to the Board of Supervisors and the Township issued a May 2017 cease-and-desist letter to Appellants. In May 2020, the Township filed a complaint seeking to enjoin Appellants from using their property for short-term rentals averring

2

that renters had "significantly disturbed the peace and stability of the neighborhood as they have had loud, late-night parties, fire guns in and around the [p]roperty, start fires, park cars throughout the neighborhood[,] and set off fireworks[.]" May 6, 2020 Complaint, ¶ 13. In March 2022, the Township filed a motion for preliminary injunction. In January 2023, the trial court granted the motion and enjoined Appellants from short-term rentals until the request for a permanent injunction was heard and decided on the merits. In May 2023, the trial court conducted a non-jury trial on the Township's permanent injunction request. In June 2023, the trial court granted the permanent injunction and incorporated its January 2023 opinion.

In July 2023, Appellants filed a timely notice of appeal.[2] However, they did not file post-trial motions within 10 days of the non-jury trial. The trial court concluded their failure to do so resulted in a waiver of all issues on appeal, notwithstanding their filing a concise statement of errors complained of on appeal. With that, the trial court stated that both its June and January 2023 opinions sufficiently addressed the errors that Appellants complained of on appeal. Aug. 9, 2023 Trial Ct. Order.[3]

As a threshold matter, Appellants were required to file post-trial motions and their failure to do so resulted in waiver of all issues on appeal. Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 227.1(c), provides that post-trial motions shall be filed 10 days after "the filing of the decision in the case of a trial without jury." "The purpose of Rule 227.1 is to provide the trial

---

[2] This Court has appellate jurisdiction based on Appellants' timely appeal from the trial court's order granting the permanent injunction.

[3] Appellants failed to include the trial court's August 9th order in their brief or reproduced record and did not address the waiver issue in their brief. The Township raised Appellants' failure to file post-trial motions in its brief and stated its agreement with the trial court's waiver determination.

court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey v. Roush*, 805 A.2d 491, 494 n.9 (Pa. 2002). Accordingly, "[g]rounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review." *Id*. at 493.

Our Supreme Court in 1984 "specifically adopted Rules 227.1 through 227.4 . . . in an effort to establish uniform procedures for post-trial relief in actions at law and equity." *Motorists Mut. Ins. Co. v. Pinkerton,* 830 A.2d 958, 962 (Pa. 2003). The post-trial motion procedure prescribed in Rule 227.1 replaced the previous practice requiring the filing of exceptions in equity actions. 20 West's Pa. Appellate Practice, § 302.5 (2023-2024 ed.) As this Court explained in a case where the trial court entered a permanent injunction below: "Our Supreme Court has held that the post-trial motion requirements set forth in Pa.R.Civ.P. 227.1 are mandatory in both law and equity matters." *Goshen Valley III Condo. Ass'n v. Messick*, 299 A.3d 1064, 1066 (Pa. Cmwlth. 2023) (citing *Chalkey*, 805 A.2d at 497). Indeed, post-trial motions are regularly filed following the issuance of permanent injunctions. *See*, e.g., *K.H. v. Pa. Interscholastic Athletic Ass'n*, 277 A.3d 638 (Pa. Cmwlth. 2022).[4]

Finally, we agree that Appellants' filing of a concise statement of errors complained of on appeal pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925, did not cure their failure to file post-trial

---

[4] The post-trial motion requirement does not apply when an appeal emanates from an *interlocutory* order that is appealable as of right under Rule 311 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 311, dealing with interlocutory orders, such as a preliminary injunction. "Such orders are appealable when entered, and neither post-trial motions nor exceptions are required or permitted." 20 West's Pa. Appellate Practice, § 302.17 (2023-2024 ed.) Consequently, an injunction order falling under Rule 311 may be immediately appealable notwithstanding a failure to file post-trial motions. Here, however, the permanent injunction was a *final* order.

motions. *Goshen Valley*, 299 A.3d at 1067-68; *Arches Condo. Ass'n v. Robinson*, 131 A.3d 122, 130 n.6 (Pa. Cmwlth. 2015); *Gibraltar Rock, Inc. v. New Hanover Twp.*, 118 A.3d 461, 465 (Pa. Cmwlth. 2015); *The Ridings at Whitpain Homeowners' Ass'n v. Schiller*, 811 A.2d 1111, 1114 n.4 (Pa. Cmwlth. 2002). Consequently, Appellants waived all issues on appeal for failure to file post-trial motions.

Accordingly, we dismiss the above-captioned appeal.[5]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[5] An appeal can be dismissed based solely on the failure to file post-trial motions. *Coal Tubin' PA, LLC v. Cambria Cnty. Transit Auth.*, 162 A.3d 549, 554 n. 5 (Pa. Cmwlth. 2017); *P.S. Hysong v. Lewicki*, 931 A.2d 63, 67 (Pa. Cmwlth. 2007).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roaring Brook Township          :
                                 :
         v.             :    No. 821 C.D. 2023
                                 :
Edward Ruocco and Michelle Ruocco,  :
               Appellants    :

# O R D E R

AND NOW, this 1st day of July, 2024, the above-captioned appeal of Appellants, Edward and Michelle Ruocco, is hereby DISMISSED.  Accordingly, the order of the Court of Common Pleas of Lackawanna County granting a permanent injunction enjoining Appellants from operating their residential property at 110 Canterbury Court, Roaring Brook Township, Lackawanna County, as a short-term rental business remains in effect.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita