**BOROUGH OF HARVEYS LAKE, Appellant,**

v.

**Thomas HECK.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1998.

Decided Oct. 7, 1998.

John R. Sobota, Wilkes-Barre, for appellant.

Mark P. McNealis, Sweet Valley, for appellee.

Before DOYLE and PELLEGRINI, JJ., and RODGERS, Senior Judge.

PELLEGRINI, Judge.

The Borough of Harveys Lake appeals from the July 24, 1997 findings of fact and decree *nisi* of the Court of Common Pleas of Luzerne County (trial court) that denied its request in equity for the abatement or removal of a structure built and owned by Thomas Heck (Property Owner).

Property Owner purchased certain shoreline property (Property) in an S–1 shoreline zoning district in the Borough of Harveys Lake (Borough) on April 3, 1992. Permitted uses in the S–1 shoreline district under Section 506.1 of the Borough Zoning Ordinance (Ordinance) included: private and public docks, boat houses, bath houses and private and public beaches. On February 5, 1992, Property Owner submitted a Borough permit application requesting to use the Property as a boathouse. In this application, Property Owner represented that the proposed boathouse would meet the minimum ten-foot side yard property line setback requirements. On March 5, 1995, the Borough approved the application and issued building permit No. 1351 in which it authorized Property Owner

to "Erect Dock – Boathou[se]," one story, for the proposed use of "recreation." On its face, the permit stated that it authorized one dwelling unit.[1]

It is undisputed that Property Owner subsequently completed construction of a single story structure that contained a living room, bedroom, bathroom, full kitchen, and central heat and air conditioning but no boathouse. By letter dated October 1, 1993, the Borough's code enforcement officer wrote to Property Owner notifying him that he had violated building permit No. 1351. Specifically, the letter advised Property Owner:

> In your application for that building permit, you misrepresented that the structure would be used as a boathouse and that structure, as proposed, would meet all set back requirements. In addition, you neither requested a final inspection of the property, nor obtained an occupancy permit.

The notice further advised him that he had ten days to start and two months to complete compliance with the notice or else his building permit would be revoked.

On June 21, 1995, the Borough filed a complaint in equity in the trial court requesting that the trial court enjoin Property Owner from continuing to use the structure as a residence rather than a boathouse, and to correct/abate the side yard setback violation caused by the location and construction of the structure. Specifically, the Borough's complaint alleged that Property Owner violated the building permit that had been issued to him because he (1) misrepresented material information in his zoning and building applications; (2) constructed a residence rather than a permissible boathouse; (3) completed a structure which did not meet setback requirements; and (4) failed to request a final inspection of the Property and obtain a certificate of compliance in accordance with Section 1303 of the Ordinance.[2]

On July 24, 1997, after a hearing, the trial court issued a decree *nisi* denying the Borough's request for equitable relief ordering Property Owner to abate/remove the structure. It found that Building Permit No. 1351 was issued to "erect Dock–Boathou[se]" with "1 dwelling unit" so that even though a permit for a boathouse was sought, one was issued to build a dock and boathouse having one dwelling unit. Even though the trial court agreed that what Property Owner actually built was a residence and not a boathouse, because the Ordinance did not define boathouse, cabana or residence, it resolved the ambiguity in favor of Property Owner. As to the alleged setback violation, the trial court held that Property Owner could have reasonably believed that he was in compliance with the ten-foot minimum. Because Property Owner, relying on the building permits issued by the Borough, expended substantial amounts of money in improving his Property, the trial court rejected the Borough's request for equitable relief and proposed remedy that would have required Property Owner to abate/remove the structure. On August 14, 1997, the Borough filed a notice of appeal to this Court but did not file any post-trial motions pursuant to Pennsylvania Rule of Civil Procedure 227.1.[3]

---

1. On September 9, 1992, Property Owner filed a Zoning Permit Application requesting that he be permitted to use his structure as a boathouse/cabana and to add a second floor game room. This permit was denied because the maximum allowed height of structures in the S–1 shoreline district under the Ordinance was one story and 12 feet.

2. Section 1303 of the Ordinance provided:

   A Certificate of Zoning Compliance shall be required upon the completion of work or use as described within a Zoning Permit. A Certificate of Zoning Compliance shall also be required when a change in occupancy occurs within any structure and/or building. It shall be unlawful to use and/or occupy any structure, building and/or land or portions thereof in any manner until a Certificate of Zoning Compliance has been issued and obtained from the Zoning Officer.

3. Pa. R.C.P. 227.1 provides in part that:

   (a) After trial and upon the written Motion for Post–Trial Relief filed by any party, the court may
   (1) order a new trial as to all or any of the issues; or
   (2) direct the entry of judgment in favor of any party; or
   (3) remove a nonsuit; or
   (4) affirm, modify or change the decision or decree nisi; or
   (5) enter any other appropriate order.

While Property Owner has not raised this issue,[4] we must dismiss this appeal because the Borough has failed to file the requisite post-trial motions. A party's failure to file post-trial motions results in a waiver of all issues for appellate review and requires that the appeal be dismissed. *Siegfried v. Borough of Wilson*, 695 A.2d 892 (Pa.Cmwlth.1997); *Christopher M's Hand Poured Fudge, Inc. v. Hennon*, 699 A.2d 1272 (Pa. Superior Ct.1997); *Trinity Lutheran Evangelical Church v. May on Behalf of Western Pennsylvania–West Virginia Synod of the Lutheran Church in America*, 112 Pa.Cmwlth. 557, 537 A.2d 38 (1988). Consequently, because the Borough did not preserve any issues for appeal, its appeal to this court is dismissed.

## ORDER

AND NOW, this 7th day of October, 1998, the appeal of the Borough of Harveys Lake is dismissed.

4. Even though neither party has raised the issue of whether this court has jurisdiction to consider the Borough's appeal when it failed to preserve any issues for review by not filing post-trial motions pursuant to Pa. R.C.P. 227.1, the question of appealability implicates the jurisdiction of this court – a non-waivable matter – so that the failure of the parties to raise the issue does not prevent this court from doing so *sua sponte*. *Robinson v. City of Philadelphia*, 706 A.2d 1295 (Pa.Cmwlth.1998).