IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Housing Authority,     :
        : No. 935 C.D. 2015
        Appellant     : Submitted: March 24, 2016
        :
        v.     :
        :
Jenee Simmons     :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED: June 14, 2016


Philadelphia Housing Authority (PHA) appeals the order of the Philadelphia County Court of Common Pleas (trial court) finding in favor of Jenee Simmons (Simmons) and against PHA on a breach of lease claim following a non-jury trial, and vacating the judgment entered in the Philadelphia Municipal Court.[1] We affirm.

In April 2012, PHA entered into a written lease agreement (Lease) with Simmons for the premises located at 4111 North Poplar Street, #125453, Philadelphia, PA 19104, which addressed, in pertinent part, utilities and tenant obligations. Section 5.A. of the Lease provides:

---

[1] "Our standard of review of a non-jury trial is to determine whether the findings of the trial court are supported by competent evidence, and whether an error of law was committed." *Metropolitan Edison Co. v. City of Reading,* 125 A.3d 499, 501 n.3 (Pa. Cmwlth. 2015) (citation omitted).

> Management shall supply those utilities as indicated by an [x]: [ ]electricity, [ ]gas, [x]water, [ ]heat. Tenant will pay for all other utilities, related deposits and charges on Tenant's utility bills. All tenants of PHA Scattered Sites, and other Tenants to whom Management has not agreed to supply utilities, must pay their own utility bills, related deposits and charges as determined by the utility company. Utilities not supplied by Management shall be in the name of the head of household only. Failure to maintain utilities in the leaseholder's name will be considered a material breach of the lease.

Reproduced Record (R.R.) at 6a. Additionally, Section 9.F. provides, in relevant part that it is a tenant's obligation "[t]o maintain the Premises and appliance(s) assigned to Tenant for Tenant's exclusive use in a decent, safe, clean and sanitary condition . . . ." *Id.* at 9a. Finally, Section 14.A.2. provides that a "[t]enant shall be in default if . . . [the t]enant . . . neglects or fails to perform any of the promises, terms, provisions or conditions contained in this Lease, and fails to cure such default within the time period prescribed by Management[.]" *Id.* at 13a.

PHA filed a complaint against Simmons in the Philadelphia Municipal Court alleging that Simmons failed to maintain utility gas service in violation of the Lease. The Municipal Court found in favor of PHA and entered judgment awarding possession to PHA based on Simmons' breach of the Lease. Simmons appealed to the trial court which conducted a non-jury trial.

PHA's property manager, Evins Alexis (Alexis), testified that PHA initiated a lease termination based on his inspection and their conclusion that Simmons had no gas service. Notes of Testimony (N.T.), May 11, 2015, at 12. Alexis stated that he completed an inspection of the property on April 13, 2015, and found that the gas service had been turned off. *Id.* at 11-12. Alexis said he contacted the Philadelphia Gas Works (PGW), and learned that the gas service had

2

been off since July 2013. N.T., May 11, 2015, at 13. Alexis stated that the failure to maintain the utilities is a violation of the lease agreement under "Section 5A, failure to maintain gas in the head of household name." *Id.* at 13. Alexis said that he observed that the gas stove would not light, but concluded that the stove did not present any safety concern. *Id.* at 13-15. Alexis stated that the stove, as an appliance under Section 9.F. of the lease pertaining to the maintenance of appliances, was safe. *Id.* at 14-15.

Alexis also testified that he observed two electric heaters upstairs, and what he believed to be a kerosene heater downstairs. N.T., May 11, 2015, at 15-16. He stated that kerosene heaters are a fire hazard if not maintained. *Id.* at 18. He said that he did not smell any kerosene, and stated that it did not present a safety hazard because it was turned off. *Id.* Alexis said that the lease did not disallow these types of heaters. *Id.*

Simmons testified that because she could only afford one utility bill due to the gas service bill becoming significantly high, she decided to keep electric and turned off the gas service in 2013. N.T., May 11, 2015, at 10, 23, 24. She said that she had four space heaters, consisting of two heaters upstairs, one wall heater in the living room, and one heater in the basement to keep the pipes from bursting. *Id.* at 21, 24. She stated that she never used a kerosene heater. *Id.* at 21.

The trial court ultimately held that Simmons did not breach the Lease finding that Section 5.A. did not require her to maintain gas service; Section 9.F. did require her to keep the premises and appliances in a safe condition; and turning off the gas service and relying on other means of heat did not make the premises unsafe under the lease. N.T., May 11, 2015, at 28-29.

3

The trial court's order finding in favor of Simmons and against PHA was docketed on May 15, 2015, and notice was provided to the parties on May 18, 2015. PHA filed a notice of appeal to this Court on May 28, 2015, and filed a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal on June 19, 2015. On July 14, 2015, PHA filed post-trial motions pursuant to Pa. R.C.P. No. 227.1(c)[2] which the trial court denied as untimely, noting that PHA had filed its notice of appeal without first filing its post-trial motions. Judgment was entered in Simmons' favor on October 28, 2015.

On appeal, PHA again argues that Simmons breached the Lease when she failed to turn on and maintain gas utilities in her unit and that the trial court's determination is contrary to the weight of the evidence.[3]  However, as this Court has explained:

> Even though neither party has raised the issue of whether this court has jurisdiction to consider the Borough's appeal when it failed to preserve any issues for review by not filing post-trial motions pursuant to Pa. R.C.P. No. 227.1, the question of appealability implicates the jurisdiction of this court - a non-waivable matter - so that the failure of the parties to raise the issue does not prevent this court from doing so *sua sponte.*

*Borough of Harvey's Lake v. Heck*, 719 A.2d 378, 380 n.4 (Pa. Cmwlth. 1998). Although we acknowledge that PHA filed a concise statement, "waiver due to failure to file post-trial motions will not be remedied by listing those issues in a

---

[2] "Post-trial motions shall be filed within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Pa. R.C.P. No. 227.1(c).

[3] By order dated March 18, 2016, we precluded Simmons from filing an appellate brief.

Rule 1925(b) statement." *The Ridings at Whitpain Homeowners Association v. Schiller*, 811 A.2d 1111, 1114-15 n.4 (Pa. Cmwlth. 2002).

Post-trial motions shall be filed pursuant to Pa. R.C.P. No. 227.1 at the conclusion of trial in any type of action. *Chalkey v. Roush*, 805 A.2d 491, 496 (Pa. 2002). The filing requirement is mandatory. *City of Philadelphia v. New Life Evangelistic Church*, 114 A.3d 472, 477 (Pa. Cmwlth. 2015). The ten-day period commences on the date notice of the adjudication is sent to the parties. *Carr v. Downing,* 565 A.2d 181, 182 (Pa. Super. 1989), *appeal denied*, 592 A.2d 1296 (Pa. 1990). An issue is waived on appeal if not raised in post-trial motions. *M.C. and E.K. Lees, Inc. v. Caprenos*, 119 A.3d 1092, 1098 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 1208 (Pa. 2015). "Where a party fails to file timely post-trial motions after a bench trial, no issues are preserved for this Court to review." *Liparota v. State Workmen's Insurance Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999). *See also Heck*, 719 A.2d at 380 ("A party's failure to file post-trial motions results in a waiver of all issues for appellate review and requires that the appeal be dismissed.").

Here, there is no question that PHA was required to file timely post-trial motions following the non-jury trial before filing an appeal to this Court. PHA filed untimely post-trial motions almost two months after notice of the trial court's order and only after it had filed its appeal and a concise statement of errors complained of on appeal to this Court. Because PHA failed to properly file post-trial motions, its issue of whether Simmons breached the Lease provision requiring her to "maintain" utilities by choosing to terminate gas service in favor of electric service is waived and will not be considered on appeal.

Accordingly, the trial court's judgment is affirmed.[4]

MICHAEL H. WOJCIK, Judge

---

[4] Although we find that the sole issue raised by PHA in this appeal is waived, we have reviewed the trial court's decision and discern no error in its reasoning. We note that "any ambiguity in the language of the lease, or uncertainty concerning the meaning of the language used, must be resolved and construed most strongly against the PHA, the party which drafted the lease in this case." *Pierce v. Philadelphia Housing Authority*, 486 A.2d 1004, 1008 n.1 (Pa. Super. 1985).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Philadelphia Housing Authority,     :
       : No. 935 C.D. 2015
            Appellant    :
       :
       v.        :
       :
Jenee Simmons        :

## O R D E R

AND NOW, this 14th day of June, 2016, the order of the Philadelphia County Court of Common Pleas dated May 11, 2015, at January Term 2015 No. 03369 is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge