IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theolivia C. Braxton, through    :
her court appointed substitute,    :
Calvin C. Braxton    :
    :
        Appellant    :
    :
        v.    :  No. 2020 C.D. 2016
    :  Argued: October 17, 2017
Cyncon, Inc. and Herbert W.    :
Hines and Mary Ellen Hines    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED: November 13, 2017

Theolivia C. Braxton appeals the order of the Philadelphia County Court of Common Pleas (trial court) finding in favor of Cyncon, Inc. and against Braxton. We affirm.

The stipulated facts of this case are as follows. On September 12, 1985, Tola Jones became the owner of the property located at 2034 Reed Street in the City of Philadelphia (City). On December 8, 1996, Tola Jones died intestate. On January 28, 1998, Theolivia Braxton was appointed the administratrix of Tola Jones' estate. However, there is no evidence that Braxton ever executed a deed for the property,

took title to the property, or registered an interest in the property pursuant to Section 93.1(a) of the statute referred to as the Municipal Claims and Tax Liens Act.[1]

On October 27, 1998, Herbert W. Hines and Mary Ellen Hines issued a deed conveying the property to Charles Cooper. On August 24, 1999, a deed to the property in the name of Charles Cooper was recorded in the City's Records Department.

In December 2008, the City filed a petition and a rule to show cause why the property should not be sold free and clear of all encumbrances based on the failure to pay taxes. On December 12, 2008, the City served notice of the petition by mail on Charles Cooper at the property's address of record and notice was posted on the property. On February 21, 2009, the City served notice of the petition on Charles Cooper by posting it on the premises.

By order docketed on July 6, 2009, the trial court granted the City's petition and authorized the sale of the property. On October 17, 2011, April 24, 2012, and May 20, 2014, the City mailed notice of the sale to Charles Cooper; however, it is undisputed that Braxton did not receive notice of either the petition for a rule to show cause or of the sheriff's sale. On June 19, 2014, the property was

---

[1] Act of May 16, 1923, P.L. 207, added by the Act of December 14, 1992, P.L. 850, 53 P.S. §7193.1(a). Section 93.1(a) states:

> Any owner of real property located within a city of the first class, any mortgagee thereof or any person having a lien or claim thereon or interest therein shall register a notice of interest with the department of the city of the first class responsible for collection of tax and municipal claims stating his name, residence and mailing address and a description of the real property in which the person has an interest. A notice of interest shall not be required for any mortgage or interest otherwise properly recorded in the Office of the Recorder of Deeds provided the document contains a current address sufficient to satisfy the notice requirements of this section. The interested party shall file an amended registration as needed.

sold at sheriff's sale for $25,500.00, and on September 16, 2014, the deed was recorded in favor of Cyncon, Inc.

It is undisputed that Braxton did not file a petition to overturn the sale under the Municipal Claims and Tax Liens Act. Nevertheless, on April 27, 2015, Braxton filed a civil action against the Hineses alleging fraud; an action against the City to quiet title to the property; and an action against Cyncon in ejectment and to quiet title. An amended complaint removed the City as a defendant and set forth a cause of action in fraud against the Hineses and an action in ejectment against Cyncon. The City was dismissed from the action in a May 22, 2015 stipulation. On September 26, 2015, Administratrix Braxton died and her husband was substituted for the decedent.[2]

Following a non-jury trial,[3] on August 22, 2016, the trial court entered an order "find[ing] in favor of the defendant and against the plaintiff," Certified Record (C.R.) at 42, p.8, and Braxton filed the instant appeal.[4] However, Braxton has failed to preserve any issue for our review by failing to file post-trial motions as required by Pa. R.C.P. No. 227.1(c)(2).

---

[2] On March 29, 2016, Braxton effectuated service of the amended complaint on Herbert Hines, Certified Record (C.R.) at 31, 32, but the certified record does not evidence that Mary Hines was served with the amended complaint.

[3] *See* Pa. R.C.P. No. 1058 ("The trial of actions in ejectment by a judge sitting without a jury shall be in accordance with Rule 1038."); Pa. R.C.P. No. 1038 *Note* ("For post-trial relief following a trial without a jury, see Rule 227.1."); Pa. R.C.P. No. 227.1(c)(2) ("Post-trial motions shall be filed within ten days after . . . notice of nonsuit or the filing of the decision in the case of a trial without jury."). *See also P.S. Hysong v. Lewicki*, 931 A.2d 63, 66 (Pa. Cmwlth.), *appeal denied*, 940 A.2d 367 (Pa. 2007) (holding that quiet title actions are subject to Pa. R.C.P. No. 227.1 and that the occupants of property failed to preserve any issues for appellate review in a quiet title action by failing to file post-trial motions as required by that rule).

[4] The appeal was filed with the Superior Court, but was transferred to this Court. Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a); Pa. R.A.P. 751.

As this Court has recently explained:

> Pennsylvania Rule of Civil Procedure No. (Rule) 227.1(c) provides: "Post-trial motions **shall be filed** within ten days after (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or (2) notice of nonsuit or the filing of the decision in the case of a trial without jury." Pa. R.C.P. No. 227.1(c) (emphasis added). Coal Tubin' did not file post-trial motions.

> > Even though neither party has raised the issue of whether this [C]ourt has jurisdiction to consider [Coal Tubin's] appeal when it failed to preserve any issues for review by not filing post-trial motions pursuant to [Rule] 227.1, the question of appealability implicates the jurisdiction of this [C]ourt—a non-waivable matter—so that the failure of the parties to raise the issue does not prevent this [C]ourt from doing so *sua sponte*.

> *Borough of Harvey's Lake v. Heck*, 719 A.2d 378, 380 n.4 (Pa. Cmwlth. 1998). We acknowledge that Coal Tubin' filed a [Pa. R.A.P.] 1925(b) Statement. "However, waiver due to failure to file post-trial motions will not be remedied by listing those issues in a [Pa. R.A.P.] 1925(b) [S]tatement." *The Ridings at Whitpain Homeowners Ass'n v. Schiller*, 811 A.2d 1111, 1114 n.4 (Pa. Cmwlth. 2002).

> The Pennsylvania Supreme Court has stated: "Under Rule 227.1, a party **must file post-trial motions** at the conclusion of a trial in any type of action in order **to preserve claims** that **the party wishes to raise on appeal**." *Chalkey v. Roush*, [805 A.2d 491, 496 (Pa. 2002)] (bolded emphasis added). Our Supreme Court has further held: "If an issue has not been raised in a post-trial motion, it is waived for appeal purposes." *L.B. Foster Co. v. Lane Enters., Inc.*, [710 A.2d 55 (Pa. 1998)]. Moreover, this Court has consistently ruled: "Where a party fails to file timely post-trial motions after a bench trial, no issues are preserved for this Court to review." *Liparota v. State Workmen's Ins. Fund*, 722 A.2d 253, 256 (Pa. Cmwlth.

4

1999); *see also* [*P.S. Hysong*, 931 A.2d at 67] (There is "overwhelming authority that the failure of an appellant to file post-trial motions in a proceeding to which [Rule] 227.1 applies results in a waiver of issues[.]"); *Schiller*, 811 A.2d at 1116 ("[The appellants] failed to file post-trial motions thus waiving their issues on appeal[.]"); *Heck*, 719 A.2d at 380 ("A party's failure to file post-trial motions results in a waiver of all issues for appellate review and requires that the appeal be dismissed."). "Consequently, when [Coal Tubin'] failed to file post-trial motions within ten days following the trial court's order, the issues it sought to raise in its [Rule 1925(b) Statement] were waived." *City of Phila. v. New Life Evangelistic Church*, 114 A.3d 472, 478-79 (Pa. Cmwlth. 2015).

*Coal Tubin' PA, LLC v. Cambria County Transit Authority*, 162 A.3d 549, 553 (Pa. Cmwlth. 2017) (emphasis in original).

As outlined above, Pa. R.C.P. No. 227.1 applies to the action against Cyncon in both ejectment and to quiet title. Pa. R.C.P. Nos. 1058, 1038 *Note*; *P.S. Hysong*. As a result, Braxton has waived all of the issues raised in the instant appeal by failing to file post-trial motions and the trial court's order may be affirmed on this basis alone. *Coal Tubin' PA, LLC*; *P.S. Hysong*.[5]

Accordingly, the trial court's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[5] This Court may affirm the decision of the trial court on any basis without regard to the basis upon which the trial court relied. *Shearer v. Naftzinger*, 747 A.2d 859, 861 (Pa. 2000).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theolivia C. Braxton, through : 
her court appointed substitute, : 
Calvin C. Braxton : 
  : 
                Appellant : 
  : 
         v. : No. 2020 C.D. 2016
  : 
Cyncon, Inc. and Herbert W. : 
Hines and Mary Ellen Hines : 

O R D E R


AND NOW, this 13th day of November, 2017, the order of the Philadelphia County Court of Common Pleas dated August 22, 2016, at February Term, 2015, No. 1918 is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge