IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Greer                    :
                                        :
         v.                      :
                                        :
South Franklin Township,         :    No. 604 C.D. 2023
                  Appellant    :    Submitted: September 9, 2024

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                      FILED: October 15, 2024


Appellant South Franklin Township (Township) appeals from the February 22, 2022 order of the Court of Common Pleas of Washington County (Trial Court) in which the Trial Court awarded Donald Greer (Greer) money damages in the amount of $18,490.02. Upon review, we dismiss the appeal.

## I. Background

Greer owns a property located at 280 Moore Road in Township (Property). *See* Trial Court Findings and Verdict filed February 22, 2022 (Trial Court Opinion) at 1, Findings of Fact (F.F.) No. 1, Amended Reproduced Record (A.R.R.) at R-1.[1] Township maintains a drainage pipe that runs from a catch basin

---

[1] We note that the Amended Reproduced Record does not comply with Pennsylvania Rule of Appellate Procedure 2173, which requires pages be separately numbered with Arabic figures followed by a small "a." *See* Pa.R.A.P. 2173. Instead, the Amended Reproduced Record identifies the various documents contained therein by a letter of the alphabet identifying the document followed by the number of the page in that document. While this numbering scheme is incorrect

under Moore Road[2] and empties onto the Property. *See* Trial Court Opinion at 1, F.F. No. 2, A.R.R. at R-1. In November of 2018, Greer filed a complaint in equity (Complaint) against Township sounding in negligence and trespass seeking an injunction and money damages based on alleged damages caused to the Property and buildings thereon by the diversion of water from Township's pipe under Moore Road. *See* Complaint, A.R.R. at A1-A28. The Trial Court conducted a non-jury trial on the matter on February 17, 2022. *See* Notes of Testimony February 17, 2022 (N.T.), A.R.R. at S-1 – S-101. On February 22, 2022, the Trial Court entered the Trial Court Opinion, granting an injunction directing Township to repair the catch basin and install a proper drainage pipe to prevent further damage to the Property and awarding Greer $18,490.02 for damages visited upon the Property.[3] *See* Trial Court Opinion at 8, A.R.R. at R-8. Township filed no post-trial motions following the verdict. *See* Trial Court Docket No. CV-2018-06147 (Trial Court Docket) at 2-3.[4] Instead, the Township appealed the matter on March 23, 2022 (First Appeal). *See* Trial Court Docket at 3.

Township filed the First Appeal of this matter in the Superior Court of Pennsylvania, which transferred the matter to this Court on May 16, 2022. In a per

---

under the Pennsylvania Rules of Appellate Procedure, references to the Amended Reproduced Record herein adhere to it for ease of reference.

[2] No dispute exists that Moore Road is a Township road. *See* Trial Court Opinion at 1, F.F. No. 3.

[3] Township challenges only the Trial Court's award of monetary damages in the instant appeal.

[4] The Trial Court Docket does not appear as part of the Amended Reproduced Record, but is included in the Trial Court's Original Record delivered to this Court pursuant to Pennsylvania Rule of Appellate Procedure 1931, Pa.R.A.P. 1931.

curiam order dated September 20, 2022, this Court observed that judgment had not been entered in the Trial Court and Township did not file post-trial motions within 10 days of the Trial Court Opinion. *See* Order dated September 20, 2022 (September 2022 Order), Commonwealth Court Docket No. 821 C.D. 2022 (First Appeal Docket). The September 2022 Order directed Township to cause entry of judgment to be entered on the Trial Court Docket. *See* September 2022 Order, First Appeal Docket at 3. On October 21, 2022, this Court then entered an order directing Township to file a docketing statement within 14 days. *See* Order dated October 21, 2022, First Appeal Docket at 3. The Court then filed another order on November 9, 2022, directing Township to pay required filing fees within 14 days. *See* Order dated November 9, 2022, First Appeal Docket at 3. The Court dismissed the First Appeal on March 8, 2023, for failure to comply with the Court's October 21, 2022 and November 9, 2022 orders. *See* First Appeal Docket at 3. Thereafter, judgment was entered by praecipe filed on May 8, 2023,[5] after which Township re-filed its Notice of Appeal in this Court on June 7, 2023.[6] *See* Memorandum and Order dated September 14, 2023, Commonwealth Court Docket No. 604 C.D. 2023 (Current Docket) at 3.

## II. Issues

On appeal, Township challenges the monetary damages awarded by the Trial Court. *See* Township's Br. at 7, 11-20. Township argues that the Trial Court improperly calculated the monetary damages using figures based upon estimates and

---

[5] *See* Memorandum and Order dated September 14, 2023, Commonwealth Court Docket No. 604 C.D. 2023.

[6] Upon the re-filing of the Notice of Appeal, the matter received the instant docket number in this matter: 604 C.D. 2023.

conjecture and not upon actual costs incurred by Greer as a result of water damage on the Property. *See id.*

### III. Discussion

Before determining Township's claim regarding whether the Trial Court awarded the correct amount of damages in the underlying matter, we must first determine whether Township has waived its claim by failing to file post-trial motions. This Court may consider *sua sponte* whether an appellant has preserved an issue for appeal. *See Borough of Harveys Lake v. Heck*, 719 A.2d 378, 380 n.4 (Pa. Cmwlth. 1998).

In relevant part, Pennsylvania Rule of Civil Procedure 277.1 provides:

**Rule 227.1. Post-Trial Relief**

(a) After trial and upon the written Motion for Post-Trial Relief filed by any party, the court may

(1) order a new trial as to all or any of the issues; or

(2) direct the entry of judgment in favor of any party; or

(3) remove a nonsuit; or

(4) affirm, modify or change the decision; or

(5) enter any other appropriate order.

(b) Except as otherwise provided by Pa.R.E. 103(a) [(relating to preserving a claim of error in a ruling to admit or exclude evidence)], post-trial relief may not be granted unless the grounds therefor,

(1) if then available, were raised in pre-trial proceedings or by motion, objection, point for charge, request for

4

findings of fact or conclusions of law, offer of proof or other appropriate method at trial; and

(2) are specified in the motion. The motion shall state how the grounds were asserted in pre-trial proceedings or at trial. Grounds not specified are deemed waived unless leave is granted upon cause shown to specify additional grounds.

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa.R.Civ.P. 227.1. Thus, "a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal." *State Farm Fire & Cas. Co. v. JPC Grp., Inc.*, 157 A.3d 1, 5 (Pa. Cmwlth. 2017). "Issues not raised in a timely post-trial motion will be deemed waived." *Id.* at 5 (citing *Chalkey v. Roush*, 805 A.2d 491, 494 (Pa. 2002) ("Grounds not specified by a party in post-trial motions pursuant to Rule 227.1 shall be deemed waived on appellate review.")); *see also Liparota v. State Workmen's Ins. Fund*, 722 A.2d 253, 256 (Pa. Cmwlth. 1999) ("Where a party fails to file timely post-trial motions after a bench trial, no issues are preserved for this Court to review."). "The purpose for Rule 227.1 is to provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Chalkey*, 805 A.2d at 494 n.9.

Township filed no post-trial motions in the instant matter, and instead filed the First Appeal to the Superior Court on March 23, 2022. *See* Trial Court

5

Docket at 3. By way of explanation for its failure to file post-trial motions, Township argues that it was excused from filing such motions by virtue of judgment not being entered in the matter until almost one year after the verdict. *See* Township's Br. at 20-21. Township is incorrect.

The trial of this matter occurred on February 17, 2022. The Trial Court entered the Trial Court Opinion awarding Greer equitable remedies and money damages on February 22, 2022. The Trial Court Opinion constituted "the filing of the decision in the case of a trial without jury" in this matter. *See* Pa.R.Civ.P. 227.1(c)(2). Thus, Township had 10 days, or until March 4, 2022, to file post-trial motions, but it did not do so. *See* Trial Court Docket at 2; Pa.R.Civ.P. 227.1. Township's failure to file post-trial motions waived its issues for appeal. *See* Pa.R.Civ.P. 227.1; *Chalkey*; *State Farm*.

## IV. Conclusion

Accordingly, we dismiss this appeal without reaching the merits of the underlying claims.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Greer                          :
                                      :
          v.                          :
                                      :
South Franklin Township,              :    No. 604 C.D. 2023
                    Appellant         :

# **O R D E R**

AND NOW, this 15th day of October, 2024, Appellant South Franklin Township's appeal of the February 22, 2022 order of the Court of Common Pleas of Washington County is DISMISSED.

_____
CHRISTINE FIZZANO CANNON, Judge