Sapora **ROBINSON**, Cleve Harris,
Leonard Robinson,
Appellants,

v.

**CITY OF PHILADELPHIA**, Southeastern Pennsylvania Transportation Authority, Department of Transportation and Leonard Robinson.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 1998.

Decided March 10, 1998.

---

Allen L. Feingold, Philadelphia, for appellants.

Raymond J. Peppelman, Jr., Philadelphia, for appellee, Leonard Robinson.

Before COLINS, President Judge, and KELLEY, J., and RODGERS, Senior Judge.

COLINS, President Judge.

In this appeal we must first determine whether an order granting a motion to enforce a settlement agreement that partially resolves the underlying litigation is a final order. We conclude the order is not final, and therefore not appealable. Hence, we quash this appeal for lack of jurisdiction.

Appellants, Sapora Robinson, Cleve Harris, and Leonard Robinson instituted a civil action against the City of Philadelphia, the Commonwealth of Pennsylvania, and the Southeastern Pennsylvania Transportation Authority (SEPTA) seeking compensation for injuries sustained in an automobile accident on July 20, 1991. Subsequently, Leonard Robinson was named as an additional defendant. Claims against the City of Philadelphia and SEPTA were settled, leaving the Commonwealth and Leonard Robinson as remaining defendants.

Plaintiffs and defendant Robinson exchanged correspondence regarding settlement. Believing a settlement agreement had been reached but not honored, Leonard Robinson filed a motion to enforce a settlement agreement in the Court of Common Pleas of Philadelphia County. The Honorable Marvin A. Halbert (trial court) held an evidentiary hearing to determine whether a settlement agreement existed between the respective parties.

The trial court found that a binding and enforceable settlement agreement had been reached between plaintiffs and defendant Leonard Robinson. The trial court found that under the terms of the agreement, plaintiffs (appellants hereinafter) and their counsel agreed to settle the matter with defendant Leonard Robinson in the amount of $500.00. Based on the above findings, the trial court granted defendant Robinson's (appellee hereinafter) motion to enforce the settlement agreement. Appellants filed an appeal of the order in this Court.

With exception, Commonwealth Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas and administrative agencies. 42 Pa.C.S. § 762. Pursuant to the rules of appellate procedure, an appeal may be taken as of right from any final order of an administrative agency or lower court. A final order is any order that:

(1) disposes of all claims or all parties, or

(2) is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subdivision (c) of this rule.

. . . .

**(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate reso-

lution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination an entry of a final order, *any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.*

Pa. R.A.P. 341(c).

■ While the parties have not addressed the question of appealability in their briefs, by legislative and judicial mandate this Court is required to determine whether the order appealed from is final. Since the question of appealability implicates the jurisdiction of the appellate court, a non-waivable matter, the failure of the parties to raise the issue does not preclude this Court from doing so *sua sponte. Blackwell v. State Ethics Commission,* 523 Pa. 347, 567 A.2d 630 (1989).

■ The trial court's order in this case disposed of the question of whether a purported settlement agreement should be enforced. While the order disposed of the litigation between appellants and appellee Robinson, the agreement did not end the underlying litigation as to the Commonwealth of Pennsylvania. Thus, the finality of the order is conditioned upon the trial court or administrative agency issuing an express determination that an immediate appeal would facilitate resolution of the entire case. Pa. R.A.P. 341(c). In this instance, the appropriate express determination was not made; therefore, the order is not final and not appealable.

Appeal quashed.

### ORDER

AND NOW, this 10th day of March, 1998, the appeal of Appellants Sapora Robinson and Cleve Harris is quashed.