J-A27013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ALFREDO CISNEROS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRED D. ROUSE, III; AND FINANCIAL MANAGEMENT GROUP, UBO | |
| Appellants | No. 775 EDA 2016 |

Appeal from the Order Entered February 16, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 3285 September Term, 2013

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:　　　　　　**FILED DECEMBER 13, 2016**

Fred D. Rouse, III, and Financial Management Group, UBO, (collectively "Rouse") appeal from the order, entered in the Court of Common Pleas of Philadelphia County, granting Appellee Alfred Cisneros's second motion to enforce a settlement and entering judgment in Cisneros's favor.[1]  After careful review, we quash.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In **Casey v. GAF Corp.**, 828 A.2d 362 (Pa. Super. 2003), our Court set forth the standard of review of a trial court's grant of a motion to enforce a settlement as follows:

> Our Court's standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law.  The appellate court is free to draw its own inferences and reach its own

*(Footnote Continued Next Page)*

Rouse is Cisneros's step-son and the managing director of Financial Management Group, UBO. In 2001, Rouse made monthly advances to Cisneros and his late wife, Diana Cisneros, to help them meet their expenses. The parties orally agreed that Rouse would be repaid for his monetary advances from the value of the Cisneroses' Morris Street, Philadelphia, home after they passed away. On July 31, 2012, Rouse presented a written "Pledge Security Agreement and Note" ("Note") to the Cisneroses in the hospital after Diana had had major surgery. The Note, which had an effective date of November 1, 2001, stated that all advances made under the parties' oral agreement "shall accrue interest at the rate of 13% as calculated by the Financial Management Group, UBO[,] and be treated as a Reverse Mortgage with the above named Secured Creditor as Mortgagee." The Cisneroses signed the Note; it was later recorded with the Philadelphia Recorder of Deeds.

*(Footnote Continued)* ─────────────

> conclusions from the facts as found by the trial court. However, the appellate court is only bound by those findings of fact by the trial court that are supported by competent evidence.

*Id.* at 367 (citation omitted). Ordinarily, enforcement of a settlement agreement is governed by principles of contract law. ***Nationwide Ins. Enterprise and Nationwide Mut. Ins. Co. v. Anastasis***, 830 A.2d 1288 (Pa. Super. 2003). Accordingly, in order to enforce a settlement agreement, the court must find that the record evidences all the requisite elements of a valid contract: offer, acceptance, and consideration. The court reviews the evidence with these elements in mind and in light of a judicial policy that favors settlements of legal disputes in Pennsylvania. ***Compu Forms Control, Inc. v. Altus Group, Inc.***, 574 A.2d 618 (Pa. Super. 1990).

Diana Cisneros passed away on September 30, 2012, leaving Mr. Cisneros as the sole owner of the Morris Street residence. On September 26, 2013, Cisneros filed an action against Rouse alleging various violations of consumer protection laws based on the Note, claiming that he and his wife were under duress when they were asked to sign the document. Rouse filed an answer, new matter and counterclaims for unjust enrichment, *quantum meruit* and to quiet title.

On February 9, 2015, the parties appeared for trial before the Honorable Idee C. Fox. However, after Cisneros presented his case-in-chief, the parties engaged in further settlement negotiations and ultimately settled all claims and counterclaims. N.T. Agreement from Trial, 2/9/15, at 4 ("The Court will mark this settlement pursuant to the statements placed on the record."). To evidence the settlement there is a February 10, 2015 trial court docket entry stating:

> THE COURT HAVING BEEN ADVISED THAT THE WITHIN CASE HAS BEEN SETTLED, THE CASE SHALL BE MARKED "DISCONTINUED" ON THE PROTHONOTARY'S DOCKET AND REMOVED FROM THE APPLICABLE LIST AND INVENTORY OF PENDING CASES. IF THE INSTANT PROCEEDINGS INVOLVE AN APPEAL FROM A COMPULSORY ARBITRATION AWARD, ANY LIEN FROM THE ARBITRATION AWARD IS RELEASED. THIS CASE MAY BE RESTORED TO THE TRIAL LIST ONLY UPON WRITTEN ORDER OF THE TEAM/PROGRAM LEADER. THIS RELIEF SHALL BE REQUESTED BY FORMAL MOTION. IT IS FURTHER ORDERED AND DECREED THAT IN THE FOLLOWING TYPES OF CASES ADDITIONAL STEPS MUST BE TAKEN TO OFFICIALLY CONCLUDE THE CASE: MINOR'S COMPROMISES, INCOMPETENT /INCAPACITATED PERSON'S COMPROMISES, WRONGFUL DEATH /SURVIVAL ACTIONS (SEE PA. R.C.P. 2039, 2064, 2206, PHILA CIV. R. NO. 2039.1, 2206, AND JOINT GENERAL COURT

REGULATION 97 -1) AND JOINDER (SEE PA.R.C.P. 2231). . . .
BY THE COURT: FOX, J. 2/9/15.

On May 11, 2015, Cisneros filed a motion to enforce the settlement when Rouse did not have the recorded Note marked satisfied (removal of recorded lien) and failed to execute settlement documents prepared by Cisneros in accordance with the parties' agreement in open court on February 9, 2015.

On July 6, 2015,[2] the Honorable Nina Wright Padilla granted Cisneros's motion to enforce the settlement and attorney's fees,[3] ordering Rouse to "execute documents to effectuate the settlement agreed to in Court on February 9, 2015 within 30 days of this order or risk sanctions." Order, 7/2/15. On August 13, 2015, Cisneros filed a second motion to enforce settlement. On August 18, 2015, Rouse filed a response to the motion averring that on July 27, 2015, his attorney emailed him a copy of the court's order granting Cisneros's first motion to enforce and informed him that he intended to withdraw from the case.[4] **See** Defendants' Response to

---

[2] Notice of the order, pursuant to Pa.R.C.P. 236, was given to the parties on July 6, 2015. **See** Pa.R.A.P. 108 (date of entry of orders).

[3] In his motion to enforce, Cisneros also requested payment of reasonable attorney's fees for counsel's preparation and presentation of the motion. Motion to Enforce, 5/11/15, at V.

[4] In response to the second motion to enforce, Rouse alleged that counsel "was totally ineffective . . . on the day of trial," and that his attorney "poorly negotiated the settlement on the record that does little to nothing in protecting [his] interests." Answer to Plaintiff's Second Motion to Enforce, at ¶¶ 28-29.

Plaintiff's Motion to Enforce Settlement and for Attorneys' Fees, 8/18/15, at ¶¶ 43-44. After a hearing on the second motion, the trial court entered an order on February 16, 2016, granting Cisneros's motion to enforce and setting forth the following:

1. Judgment is hereby entered in favor of [Cisneros] and against [Rouse] and title to the Property 1220 Morris Street, Philadelphia, Pennsylvania[,] is quieted and the Pledge Security Agreement and Note, recorded on August 13, 2012[,] at Document No. 52521814 in the Philadelphia Department of Records is hereby deemed **SATISFIED** and the Commissioner of Records is directed to mark said agreement and note satisfied. [Rouse is] forever barred from any claim on said security agreement and note.

2. [Rouse is] to be named as loss payee on [Cisneros's] homeowner's insurance.

3. Within sixty (60) days of the docketing of this Order [Cisneros] shall execute and record with the Philadelphia Department of Records a mortgage as prepared by [Cisneros] with [Cisneros] as the Mortgagor and Defendant, FINANCIAL MANAGEMENT GROUP, UBO, as Mortgagee with the terms of the Mortgage as follows: $107,634.38, with interest accrued at the simple rate of four (4%) percent commencing August 1, 2012, and recorded against the Property at issue, 1220 South Morris Street, Philadelphia, Pennsylvania. The funds due under the Mortgage shall be payable upon [Cisneros's] death or sale of the Property. The remaining terms of the Mortgage are to be in compliance with State and Federal law.

4. [Cisneros] shall obtain a certified copy of this Order and deliver it to the Philadelphia Commissioner of Records to be recorded. The Commissioner shall accept and record a certified copy of this Order.

Order, 2/16/16.

On March 7, 2016, Rouse filed a notice of appeal raising the following issues for our consideration:

(1) Where the record evidence demonstrated that the parties had failed to reach an agreement on an essential term of their attempted settlement, did the trial court err by concluding that a settlement had been reached?

(2) Did the trial court err in purporting to enforce the parties' settlement by imposing terms of performance that contradict the terms that were agreed upon by the parties and placed on the record?

Rouse's claims on appeal can be consolidated into one fundamental issue: whether the trial court erred in enforcing the settlement where the parties did not agree on an essential term and later imposed terms that were not originally agreed to by the parties.

Prior to reaching the merits of this appeal, we must first determine whether Rouse's claims are waived due to his failure to appeal from the court's July 7, 2015 order granting Cisneros's first motion to enforce. On August 18, 2015, Rouse filed a response to Cisneros's second motion to enforce settlement, asserting that on July 27, 2015, he became aware of the court's first order enforcing the parties' settlement, as agreed to in open court on February 9, 2015. Therefore, at that point when he was no longer represented by counsel, he was obligated to file, either *pro se* or with newly-retained private counsel, a notice of appeal to that final order in order to preserve his claims on appeal. **See** Pa.R.A.P. 341(b)(1) (order is final if it disposes of all claims and all parties or effectively ends litigation in case); **but see. Robinson v. City of Philadelphia**, 706 A.2d 1295 (Pa. Commw. 2010) (where order enforcing settlement agreement disposed of litigation

between appellants and appellee, but did not end underlying litigation as to Commonwealth of Pennsylvania, order not final under Rule 341); *Knisel v. Oaks*, 645 A.2d 253 (Pa. Super. 1994) (denial of motion to enforce settlement is interlocutory, non-final order under Rule 341(b)). Because Rouse failed to file a notice of appeal from the court's final order granting Cisneros's first motion to enforce, we quash the instant appeal. Pa.R.A.P. 903(a).

Appeal quashed.[5]

_____

[5] Even if we did not quash the instant appeal, we would find no merit to Rouse's claims. The notes of testimony from the parties' February 9, 2015 hearing confirm their intention to settle the underlying matter. *See* N.T. Trial/Settlement, 2/9/15, at 2-5. The parties each stated to the trial judge that they understood the settlement agreement placed on the record, *id.* at 5-6, and the matter was marked "settled pursuant to the statements placed on the record." *Id.* at 4.

Under the clear and unambiguous settlement terms and the mutual assent by the parties of the settlement, a binding agreement was entered into on February 9, 2015. *See Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510 (Pa. Super. 2009) (where settlement agreement contains all requisites for valid contract, court must enforce terms of agreement even if terms of agreement are not yet formalized in writing; agreement is binding if parties come to meeting of minds on all essential terms, even if they expect agreement to be reduced to writing but that formality does not take place). Here, the parties had a meeting of the minds on the essential terms of settlement. The only formality to take place after the parties' oral settlement in court was to execute the agreement incorporating all the new loan documents and releasing each other from all claims involving the underlying action, loan, original note and property. This, however, did not change the binding nature of the settlement. *Mastroni-Mucker*, *supra*.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016