# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin Washington, : CASES CONSOLIDATED
           Appellant :
            :
        v. : No. 615 C.D. 2022
           :
Assistant District Attorney Justin :
Bodor and Adam J. Hoffman :

Alvin Washington, :
           Appellant :
           :
        v. : No. 742 C.D. 2022
          : Submitted: May 7, 2024
A.D.A. Bodor and Adam J. Hoffman :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: June 7, 2024**


Alvin Washington (Appellant) appeals from the June 23, 2021 Order (June Order) of the Court of Common Pleas of Berks County (common pleas) sustaining Appellee Adam J. Hoffman's (Appellee Hoffman) preliminary objections to Appellant's complaint and dismissing Appellee Hoffman from the action. Appellant also appeals from common pleas' December 29, 2021 Order (December Order) sustaining the preliminary objections of Appellee Assistant District Attorney Justin Bodor (Appellee Bodor) (collectively, Appellees) to the complaint and dismissing the complaint with respect to him. After careful review, we quash the notice of

appeal docketed at 742 C.D. 2022, as the June Order was not a final, appealable order disposing of all parties and all claims. However, with respect to the notice of appeal docketed at 615 C.D. 2022, we remand with instructions to make factual findings relevant to *nunc pro tunc* relief, and we further order issuance of an opinion pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(a)(1), Pa.R.A.P. 1925(a)(1).[1]

On August 24, 2020, Appellant, an inmate at State Correctional Institution – Houtzdale, filed a petition for review in this Court's original jurisdiction against Appellees, which we transferred to common pleas. (Order 9/30/23, 499 M.D. 2020; Bodor's Supplemental Reproduced Record (Suppl. R.R.) at 6.) Common pleas docketed the transferred petition for review as a complaint on February 8, 2021. (Suppl. R.R. at 1.) Generally, the complaint alleges that Appellee Hoffman, a police officer, and Appellee Bodor, an assistant district attorney, wrongfully evicted him from his home. (*Id.* at 4-5.) The complaint seeks approximately $500,000 in damages. (*Id.* at 7.) On April 26, 2021, Appellee Hoffman filed preliminary

---

[1] Rule 1925(a)(1) provides:

Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall within the period set forth in Pa.R.A.P. 1931(a)(1) file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

If the case appealed involves a ruling issued by a judge who was not the judge entering the order giving rise to the notice of appeal, the judge entering the order giving rise to the notice of appeal may request that the judge who made the earlier ruling provide an opinion to be filed in accordance with the standards above to explain the reasons for that ruling.

Pa.R.A.P. 1925(a)(1).

objections to the complaint, which Judge Jeffrey K. Sprecher sustained in the June Order, dismissing the complaint as to Appellee Hoffman with prejudice,[2] and prohibiting Appellant from instituting any additional actions against Appellee Hoffman without leave of court. (*Id.* at 48.) On September 7 2021, Appellee Bodor filed preliminary objections. (*Id.* at 52-66.) On September 14, 2021, the case was reassigned to Judge James M. Bucci, as Judge Sprecher recused. (*Id.* at 2.) On September 27, 2021, Appellant moved for the recusal of Judge Bucci, and by order dated October 5, 2021, all judges of common pleas recused. (*Id.* at 2.) Later that month, Senior Judge Robert J. Shenkin was assigned to the case; Judge Shenkin sustained Appellee Bodor's preliminary objections and dismissed the complaint with prejudice. (*Id.* at 94; 97.) In his notice of appeal of the December Order,[3] Appellant represented that he received the Order dismissing the Complaint on January 30, 2022, "wherefore this instant appeal MUST be deemed timely filed, as the [Appellant] received the Order after the 30[-]day limitation to file an appeal had already passed." (*Id.* at 99 (capitalization in original).) In his notice of appeal of the June Order, styled as "Cause for Nunc Pro Tunc Appeal," Appellant represented that he received the June Order not from common pleas, but from Appellee Hoffman's attorney, and more than 30 days after entry of the June Order. (*Id.* at 2.)

We first address the appealability of the June Order. Appellee Hoffman argues that we should quash Appellant's appeal of the June Order as untimely because he appealed it more than a year late, and that the request for *nunc pro tunc* relief should have been filed first with common pleas. Moreover, he argues *nunc*

---

[2] While the June Order purports to dismiss the complaint with prejudice and does not specify that it is dismissing the complaint as to only one defendant, it is clear that it had the effect of dismissing only Appellee Hoffman, given the continuing litigation described above.

[3] The notice of appeal was initially addressed to Superior Court, which by order dated May 12, 2022, transferred the matter to this Court. (Pa. Super., No. 482 MDA 2022, Order 5/12/22).

*pro tunc* relief is not warranted because Appellant does not dispute that he ultimately received the June Order, so his delay is not excusable. In his reply brief, Appellant asserts that he "immediately notified [common pleas] that he had not received [common pleas'] order and requested . . . the order and the reason for its ruling in order for [Appellant] to effectuate a timely appeal." (Appellant's Reply Br. at 2.)

A threshold jurisdictional question is whether the June Order was appealable as a final order. *Contact II, Inc. v. Pa. State Horse Racing Comm'n*, 664 A.2d 181, 183 (Pa. Cmwlth. 1995). Generally, with the exception of situations not relevant here,[4] our appellate jurisdiction extends only to **final** orders. 42 Pa.C.S. § 762(a). Rule 341 of the Pennsylvania Rules of Appellate Procedure defines a final order as, in relevant part, one that "disposes of all claims and of all parties." Pa.R.A.P. 341(b). Because the June Order only disposed of Appellant's claims vis-à-vis one defendant named in Appellant's complaint, it was not a final appealable order, nor was it otherwise appealable under the Judicial Code or the Rules of Appellate Procedure. (Suppl. R.R. at 48; *see also supra* note 2.) This Court lacks jurisdiction over that appeal, and thus, the notice of appeal of the June Order is quashed.[5] Accordingly, because we lack jurisdiction over the interlocutory appeal of the June Order, we must not reach whether Appellant is entitled to *nunc pro tunc* relief regarding the June Order. However, the practical effect of this quashal is limited because "an appeal of

---

[4] The Rules of Appellate Procedure permit interlocutory appeals as of right and by permission in limited scenarios, Pa.R.A.P. 311 and 312, as well as appeals of certain non-final orders under the collateral order doctrine, Pa.R.A.P. 313.

[5] Under Pa.R.A.P. 341(c), an appellant may appeal from an order dismissing all claims against one party in a multi-party lawsuit, but **only** "upon an express determination" thereof. Pa.R.A.P. 341(c). Indeed, "[i]n the absence of such a determination **and** entry of a final order, any order . . . that adjudicates fewer than all the claims and parties shall **not** constitute a final order." *Id.*; *Robinson v. City of Philadelphia*, 706 A.2d 1295, 1297 (Pa. Cmwlth. 1998). Because no such express determination appears on common pleas' June Order, nor elsewhere in the record, it is not a final order.

4

a final order subsumes challenges to previous interlocutory decisions" in the matter. *Betz v. Pneumo Abex, LLC*, 44 A.3d 27, 54 (Pa. 2012). In other words, assuming Appellant filed a timely notice of appeal (or is excused from that requirement by virtue of *nunc pro tunc* relief) of the December Order, he may assert challenges to the interlocutory June Order as part of the appeal of that final order.

We next address the timeliness of the notice of appeal regarding the December Order. In his reply brief, Appellant represents that, although common pleas entered the final December Order in this matter on December 29, 2021, Appellant did not receive it until January 30, 2022. This, Appellant asserts, represents a breakdown in common pleas' and the prison's operations and was due to no fault of his own. Further, Appellant represents that common pleas received his notice of appeal on February 16, 2022, but held it until March 2022 when it sent the notice of appeal back to Appellant to specify in the first instance the correct appellate court to which the appeal was addressed. As evidence of this, Appellant points to the crossed-out time stamp on the notice of appeal. Appellant further represents that he received the returned notice of appeal on March 17, 2022, and returned it the same day. He argues, therefore, that his preserved filing date is not March 22, 2022, as docketed by common pleas, but rather February 16, 2022.

Appellee Bodor asserts that Appellant's appeal of the December Order should be quashed because Appellant filed no notice of appeal within 30 days of the December Order ending the litigation, noting that any notice of appeal needed to be filed by January 28, 2022. Appellee Bodor asserts that the notice of appeal was not received until 83 days after entry of the final order, pointing to March 22, 2022, as the relevant date. Alternatively, he argues that even taking Appellant's representation that he did not receive the final order until January 30 as true,

Appellant still filed the notice of appeal 52 days late. Therefore, Appellee Bodor asserts, no *nunc pro tunc* relief is warranted here. In addition, Appellee Bodor argues that Appellant failed to comply with this Court's June 28, 2022 Order[6] by declining to address the timeliness issue in his principal brief.

First, Appellant has not waived his claim for *nunc pro tunc* relief. He raised it on the face of the relevant notice of appeal and succinctly explained in that filing the gist of his argument for why he is entitled to appeal *nunc pro tunc*. While it is true that this Court ordered it be addressed in Appellant's principal brief, Appellee Bodor does not suggest Appellant's failure to address the issue in his principal brief has prejudiced Appellee Bodor. Further, the issue was adequately addressed in Appellant's reply brief to provide the Court a full understanding of the issues and arguments. We will, therefore, address Appellant's argument that he should be accorded *nunc pro tunc* relief.

"A *nunc pro tunc* appeal may be allowed where extraordinary circumstances involving fraud or some breakdown in the administrative process caused the delay in filing, or where non-negligent circumstances related to the appellant, his or her counsel or a third party caused the delay." *J. A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 785 (Pa. Cmwlth. 2005). *See also Bradley v. Pa. Bd. of Prob. & Parole*, 529 A.2d 66, 67 (Pa. Cmwlth. 1987) (intervening negligence or breakdown of third party may warrant *nunc pro tunc* relief). Requests for *nunc pro tunc* relief may be directed either to the court of common pleas from which an appellant is appealing an order, or to this Court. *Weiman by Trahey v. City of Philadelphia*, 564 A.2d 557, 559 (Pa. Cmwlth. 1989).

---

[6] That order provides, in relevant part, "the parties shall address whether the appeal is untimely in their principal briefs on the merits or in an appropriate motion." (Order 6/28/22.)

In *Walker v. Unemployment Compensation Board of Review*, 461 A.2d 346 (Pa. Cmwlth. 1983), a petitioner alleged that his late filing was due to a breakdown in the postal service's operations, specifically, that the postal service had failed to forward the appealable determination of the agency within the time allotted to appeal. We agreed that such an allegation, if true, could warrant an appeal *nunc pro tunc*, and so we remanded to the lower tribunal "for findings of the reasons for the delayed filing." *Id.* at 347.

Here, Appellant, an inmate, does not have control over how the correctional institution in which he is incarcerated handles the receipt and processing of mail. Further, not only does Appellant argue that the delay is attributable to the prison's handling of the mail, but he also argues common pleas delayed in sending it, which, if true, is a clear breakdown in court operations. Because Appellant's eligibility for an appeal *nunc pro tunc* turns in part on the veracity of his assertion that he did not receive the final order until January 30, 2022, we remand to common pleas to hold a hearing and make factual findings with respect to the date upon which common pleas mailed the December Order, and the date upon which Appellant received it.

Also relevant to eligibility for *nunc pro tunc* relief is the question of whether Appellant effectively filed his notice of appeal on February 16, 2022, or March 22, 2022. Rule 905(a)(1) of the Pennsylvania Rules of Appellate Procedure requires appellants to file a notice of appeal with the trial court. Pa.R.A.P. 905(a)(1). Rule 905(a)(3) provides that "[u]pon receipt of the notice of appeal, the clerk shall immediately stamp it with the date of receipt, **and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket**." Pa.R.A.P. 905(a)(3) (emphasis added). Our Supreme Court has emphasized the nondiscretionary nature of a prothonotary or clerk of court's responsibility to stamp

7

and docket notice of appeals—even facially defective notices of appeals. *Commonwealth v. Williams*, 106 A.3d 583 (Pa. 2014). In *Williams*, the Supreme Court made clear that

> [t]he use of the word "shall" in Rule 905(a)(3) leaves the lower court clerk no discretion in its application of the rule. Very simply, the lower court clerk must time-stamp a notice of appeal immediately upon receipt.
>
> The clerk of courts, therefore, lacks the authority to reject, as defective, a timely notice of appeal. To hold otherwise would repudiate the directive of Rule 902 that a timely notice of appeal is self-perfecting. It would also contravene the plain language of Rule 905(a)(3), which unequivocally requires the clerk for the lower court to time-stamp a notice of appeal immediately upon receipt.

*Id.* at 588.

Here, there are factual questions regarding the date Appellant filed his notice of appeal that common pleas must resolve on remand. It appears the clerk of courts received the notice of appeal on February 16, 2022. (Suppl. R.R. at 99.) The date stamp on the notice of appeal, which appears later to have been crossed out, shows that the Berks County clerk of courts received the notice of appeal on February 16, 2022, at 3:41 p.m. (*Id.*) If that is what happened, the clerk had no discretion to reject the filing, even if it did not, as Appellant suggests, specify to which appellate court the notice of appeal was addressed. *Williams*, 106 A.3d at 588. Because there is a factual question regarding the date on which common pleas received the notice of appeal, to resolve this issue, this Court needs common pleas to make a factual determination as to that question.[7]

---

[7] What is more, it is possible that Appellant preserved an earlier notice of appeal date because "[u]nder the prisoner mailbox rule, a prisoner's pro se appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014) (italics omitted). The original envelope in which Appellant initially mailed **(Footnote continued on next page…)**

If common pleas ultimately finds that Appellant did not receive the December Order until January 30, and that common pleas received the notice of appeal on February 16, *nunc pro tunc* relief would be warranted. Indeed, "an appellant seeking permission to file a *nunc pro tunc* appeal must proceed with reasonable diligence once he knows of the necessity to take action. . . . [, and] an application must be filed within a reasonable time after the occurrence of the extraordinary circumstance." *Ness v. York Twp. Bd. of Comm'rs*, 81 A.3d 1073, 1082 (Pa. Cmwlth. 2013). We think it is reasonable for an appellant to appeal within the time he would have had from the beginning, 30 days. *See* 20 G. RONALD DARLINGTON ET AL., WEST'S PENNSYLVANIA PRACTICE, APPELLATE PRACTICE § 105:12 (2023-24).

Finally, we note that, instead of filing a Rule 1925(a) opinion, the common pleas judge opted to file a statement in lieu of opinion urging this Court to quash this appeal as untimely. Rule 1925(a)(1) provides that "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, **shall** . . . file . . . at least a brief opinion of the **reasons for the order** . . . complained of, or shall specify in writing the place in the record where such reasons may be found." Pa.R.A.P. 1925(a)(1) (emphasis added). Rule 1925(a) opinions serve the important functions of facilitating appellate review and providing the parties and public with the legal basis for judicial decisions. *Commonwealth v. DeJesus*, 868 A.2d 379, 383-84 (Pa. 2005) (retaining jurisdiction and remanding to the common pleas court for issuance of a Rule 1925(a) opinion within 60 days of issuance of Supreme Court's opinion).

---

the notice of appeal does not appear of record, but the Certificate of Service he filed does; it shows an original mailing date of February 11, 2022. (Suppl. R.R. at 102.) However, because February 16 would be well within 30 days of receipt of the alleged date of receipt of the December Order, and thus would demonstrate reasonable diligence on the part of Appellant, we need not remand for a finding as to the date Appellant deposited the notice of appeal in the prison mailbox.

9

In the event common pleas finds on remand that Appellant did receive the December Order on January 30 and that common pleas received the notice of appeal on February 16, such that he is entitled to *nunc pro tunc* relief, we also remand this matter to common pleas for issuance of a Rule 1925(a) opinion, which shall address common pleas' reasons for its June and December 2021 orders. This opinion, should it be necessary, shall also include common pleas' factual finding regarding *nunc pro tunc* relief, and is to be filed within 60 days of the date of this opinion and order.

_____
**RENÉE COHN JUBELIRER,** President Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alvin Washington, | : | CASES CONSOLIDATED |
| Appellant | : | |
| | : | |
| v. | : | No. 615 C.D. 2022 |
| | : | |
| Assistant District Attorney Justin | : | |
| Bodor and Adam J. Hoffman | : | |
| | | |
| Alvin Washington, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 742 C.D. 2022 |
| | : | |
| A.D.A. Bodor and Adam J. Hoffman | : | |

## O R D E R

**NOW**, June 7, 2024, the Notice of Appeal docketed at 742 C.D. 2022 is **QUASHED**. With respect to the appeal docketed at 615 C.D. 2022, this matter is **REMANDED** to the Berks County Court of Common Pleas (common pleas) with instructions that, within 60 days of entry of this Order, it:

1. hold a hearing and make factual findings with respect to: (i) the date on which common pleas mailed the December Order and (ii) the date on which Appellant actually received the December Order; and

2. if *nunc pro tunc* relief is warranted in light of the above factual findings, issue an opinion pursuant to Pa.R.A.P. 1925(a)(1) with respect to the June 23, 2021 Order and December 29, 2021 Order.

Jurisdiction retained.

_____
**RENÉE COHN JUBELIRER,** President Judge